UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SOUTHERN UNITED STATES TRADE ASSOCIATION** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1669** |
| | * | |
| **UNIDENTIFIED PARTIES** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant Sumit Guddh's Motion to Certify the Court's June 16, 2011 Order for Interlocutory Appeal (Rec. Doc. No. 56). The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is denied.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of allegedly defamatory statements posted by Defendant Sumit Guddh on various Internet websites. In its Amended Complaint, Plaintiff Southern United States Trade Association (SUSTA) states that it is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director. Plaintiffs allege that since April 2010, Defendant has posted numerous defamatory statements about them on several websites, all with the intent to tarnish their reputation. Plaintiffs have filed suit in this Court, seeking damages and an injunction barring Defendant from engaging in the alleged tortious conduct.

On April 14, 2011, Defendant filed a motion to dismiss for lack of personal jurisdiction. Defendant argued that under the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783

1

(1984), he does not have the minimum contacts with Louisiana for this Court to assert personal jurisdiction over him. Defendant emphasized, among other things, that the contents of the allegedly defamatory statements are not focused on Louisiana and that SUSTA's operations extend to a number of states other than Louisiana. Plaintiffs opposed the motion. Plaintiffs asserted that Defendant's prior dealings with SUSTA, and the contents of his statements, make it clear that his statements were expressly aimed at Louisiana and that therefore, personal jurisdiction is proper under *Calder*.

On June 16, 2011, this Court denied Defendant's motion. Applying the Supreme Court's decision in *Calder* and Fifth Circuit precedent explaining the requirements of that case, the Court found that Plaintiffs had established a prima facie case for personal jurisdiction. The Court noted that the material presented by the parties, when viewed in the light most favorable to Plaintiffs, supported the finding that the focal point of the statements was Louisiana. The Court also concluded that the material, when viewed in the light most favorable to Plaintiffs, supported the finding that the focal point of the alleged harm was Louisiana. Accordingly, the Court held that Plaintiffs had made prima facie case for specific jurisdiction.

Defendant has now filed a Motion to Certify the Court's June 16, 2011 Order for Interlocutory Appeal (Rec. Doc. No. 56). In his brief, Defendant argues that this Court's order denying his motion to dismiss for lack of personal jurisdiction is suitable for immediate appellate review. Defendant notes that the issue of personal jurisdiction involves "a controlling question of law" and that its resolution would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendant also asserts that "there is substantial ground for difference of opinion" as to several questions regarding the personal jurisdiction analysis. *Id.* Plaintiffs have

filed an opposition to the motion. Plaintiffs argue that Defendant has not satisfied the stringent criteria to obtain certification for interlocutory appeal.

## II. LAW AND ANALYSIS

### A. Interlocutory Appeals under 28 U.S.C. § 1292(b)

In general, only the final judgments of the federal district courts can be appealed. *See, e.g.*, *United States v. Garner*, 749 F.2d 281, 284-85 (5th Cir. 1985). This final-judgment rule, embodied in 28 U.S.C. § 1291, reflects "a firm congressional policy against . . . 'piecemeal' appeals." *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-71 (5th Cir. 2009) (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)). One exception to this general rule lies in 28 U.S.C. § 1292(b), which provides that a district court in a civil case may certify for appeal an order that is not otherwise appealable if the district court is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Interlocutory appeals under this provision are appropriate only in "exceptional cases," *Garner*, 749 F.2d at 286; *accord Clark-Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983), and "permission to appeal [under § 1292(b)] is granted sparingly, not automatically," *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir.1972). The decision regarding whether to certify an order for interlocutory appeal under Section 1292(b) rests within the discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

...

*Procedure* § 3929 (2d ed. 1987) ("The initial determination that appeal is desirable is confided to the discretion of the district judge . . . .").

**B. Personal Jurisdiction**

Defendant has not demonstrated that this Court's ruling on the issue of personal jurisdiction raises a question as to which "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "The threshold for establishing the 'substantial ground for difference of opinion' . . . required for certification pursuant to § 1292(b) is a high one." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002). Indeed, "[a]n interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz*, 702 F.2d at 68. The mere fact that a party disagrees with the district court's ruling is insufficient to establish that there is a substantial ground for a difference of opinion. *E.g.*, *United States ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813-14 (E.D. La. 2009); *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009); *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996).

Instead, a substantial ground for difference of opinion exists if there is a "genuine doubt as to the correct legal standard" to be applied. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *accord Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 295 (W.D. La. 2010). Such a circumstance can arise, for instance, if "the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point . . . or if novel and difficult questions of first impression are presented." *Ryan v. Flowserve* Corp., 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006) (internal citation omitted); *accord Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

In addition, a party may argue that there is a substantial ground for difference of opinion based on the divergent application of a legal standard. But the mere fact that "settled law might be applied differently" is insufficient to show that there is a substantial ground for difference of opinion. *Couch*, 611 F.3d at 633. Instead, a party seeking to pursue an interlocutory appeal must show that "other courts have *substantially* differed in applying the standard." *Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J. 1993) (emphasis added). If the application of the same legal standard to similar facts has led to divergent outcomes, then the legal standard may have to be further refined or clarified.

In this case, as the parties have observed, the question of whether there are sufficient minimum contacts for this Court to assert personal jurisdiction over Defendant is governed by the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). Since *Calder* itself was decided, the Fifth Circuit has had several opportunities to clarify the requirements of that case. *See, e.g.*, *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010); *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 426 (5th Cir. 2005). This includes one case in which the alleged defamation was carried out over the Internet. *See Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

As this Court has explained, these precedents establish the rule that for personal jurisdiction to be proper under *Calder*, the forum state must be the "focal point" of both the allegedly defamatory statements and of the alleged harm. *Id.* at 474 & n.48. The element that the forum state be the focal point of the statements "must be demonstrated by showing that (1) the subject matter of and (2) the sources relied upon for [the allegedly defamatory statements] were in the forum state." *Fielding*, 415 F.3d at 426. Meanwhile, the element that the forum state be the

5

focal point of the alleged harm requires a showing that the defendant knew that the "brunt of the harm" would be borne in that state. *Revell*, 317 F.3d at 475. A showing that the forum state is "the focal point of the tortious act . . . will ofttimes provide sufficient evidence" that the defendant knew that the harm will be primarily borne in that state. *Id.* at 476.

In this case, Defendant argues that there are several questions related to this analytical framework as to which "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). First, Defendant states that it is unclear whether the passive or interactive nature of a website is a determinative factor in the personal jurisdiction analysis. This suggestion is not persuasive. In support of his argument, Defendant has cited to *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1122 (W.D. Pa. 1997). There, the court concluded that "[a] passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Id.* at 1124. As Plaintiffs note, however, the decision in *Zippo* is not binding on this Court. What is controlling is the Fifth Circuit's treatment of the *Zippo* framework.

Perhaps in recognition of this notion, Defendant has cited to *Mink v. AAAA Development LLC*, 190 F.3d 333 (5th Cir. 1999). In that case, the Fifth Circuit discussed *Zippo* with some approval and accorded significant weight to the fact that the website at issue was passive. *See id.* at 336-37. But, as this Court previously noted, *Mink* involved a copyright and patent infringement case, and not a defamation case clearly governed by the Supreme Court's decision in *Calder*. *See id.* at 335. The Fifth Circuit precedent that clearly addresses the utility of the *Zippo* framework in a defamation case – and that is therefore controlling – is *Revell*. *See Revell*, 317 F.3d at 469, 471-72. There, the Fifth Circuit indicated either that the interactivity of a

website is irrelevant or that it is a single, non-dispositive factor. *See id.* at 473-76. The Court of Appeals has never held in a defamation case that the passive or interactive nature of a website is determinative of the personal jurisdiction inquiry. Defendant has failed to demonstrate that there is "genuine doubt" as to this question. *Kapossy*, 942 F. Supp. at 1001.

Second, Defendant contends that there is also substantial ground for a difference of opinion on the question of how to determine whether "an allegedly defamatory statement is aimed at the forum state." Def.'s Mem. at 4. Once again, it bears noting that the Fifth Circuit has "spoken on the point." *Ryan*, 444 F. Supp. 2d at 724. As noted above, the Court of Appeals has held that the element that the forum state be the focal point of the statements "must be demonstrated by showing that (1) the subject matter of and (2) the sources relied upon for [the allegedly defamatory statements] were in the forum state." *Fielding*, 415 F.3d at 426; *see also Clemens*, 615 F.3d at 380. Fifth Circuit precedent on this question is clear.

Citing the decision in *Schnapp v. McBride*, 64 F. Supp. 2d 608 (E.D. La. 1998), Defendant seems to suggest that courts may have "substantially differed in applying the [aforementioned] standard." *Harter*, 150 F.R.D. at 518. As Plaintiffs correctly observe, however, *Schnapp* is factually distinguishable, and its outcome is reconcilable with that reached in this case. In *Schnapp*, the allegedly defamatory statement did not focus on the plaintiff himself. *See Schnapp*, 64 F. Supp. at 611. Here, however, the allegedly defamatory statements are focused on Plaintiffs. The conclusion in *Schnapp* that there were no minimum contacts to support specific jurisdiction does not indicate that "other courts have substantially differed in applying the standard" established by the Fifth Circuit. *Harter*, 150 F.R.D. at 518.

Third, Defendant argues that it is unclear whether a court should find it significant that a

defendant knows that the plaintiff resides in the forum state. The relevant body of binding precedent on this issue is, once again, clear. In *Calder* itself, the Supreme Court found it significant that the defendants "knew that the brunt of th[e] injury would be felt by [the plaintiff] in the State in which she lives and works." *Calder*, 465 U.S. at 789-90. Consistent with this observation, the Court of Appeals has held that the defendant's knowledge of the plaintiff's residence is a necessary, though not sufficient, factor for finding personal jurisdiction under *Calder*. *See Revell*, 317 F.3d at 475-76. Defendant has not demonstrated that there is "genuine doubt" as to this aspect of the *Calder* analysis. *Kapossy*, 942 F. Supp. at 1001.

In his brief, Defendant cites to *Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068 (D. Ariz. 2010), for the proposition that a defendant's knowledge of the plaintiff's residence is "irrelevant." Def.'s Mem. at 4. Defendant misapprehends the analysis in that case. As Plaintiffs observe, the court in *Xcentric Ventures* merely concluded that a defendant's knowledge that the plaintiff resides in the forum state is insufficient to support personal jurisdiction. *Xcentric Ventures*, 683 F. Supp. 2st at 1075. The court did not hold that the defendant's knowledge was irrelevant. Even if it had, this Court would be bound to apply Fifth Circuit precedent, which, as noted above, makes it clear that this factor is relevant in the personal jurisdiction analysis.

In sum, Defendant has not shown that this Court's order denying his motion to dismiss for lack of personal jurisdiction involves a question as to which "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Defendant has clearly registered his disagreement with this Court's disposition of his motion, but as noted above, the mere fact that a party disagrees with a ruling is insufficient to establish the requisite "substantial ground for difference of opinion." *E.g.*, *Branch Consultants*, 668 F. Supp. 2d at 813-14. The Court at this juncture is

unable to conclude that Defendant has satisfied the requirements to obtain certification for interlocutory appeal under 28 U.S.C. § 1292(b). Accordingly, the present motion must be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Certify the Court's June 16, 2011 Order for Interlocutory Appeal (Rec. Doc. No. 56) is hereby **DENIED**.

New Orleans, Louisiana, this 14th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE