UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN UNITED STATES TRADE ASSOCIATION | CIVIL ACTION |
| VERSUS | NO: 10-1669 |
| UNIDENTIFIED PARTIES | SECTION: "L" (4) |

**ORDER**

Before the Court is **Plaintiffs' Motion to Compel and to Impose Discovery Sanctions (R. Doc. 65)** filed by Plaintiffs Southern United States Trade Association, Jerry Hingle, and Bernadette Wiltz ("Plaintiffs") seeking an order from this Court requiring Defendant Sumit Guddh ("Defendant") to respond to its discovery requests and provide Federal Rule of Civil Procedure ("Rule") 26 initial disclosures. Plaintiffs also seek discovery sanctions in the form of attorney's fees against Defendant. Defendant opposes the motion. (R. Docs. 68, 71, 76.)

**I.   Factual Background**

This defamation lawsuit arises out of alleged defamatory statements allegedly posted by Defendant on various Internet websites. Plaintiff Southern United States Trade Association ("SUSTA") is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. (R. Doc. 11, ¶¶ 1, 7.) Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director. (R. Doc. 11, ¶¶ 2-3.)

Plaintiffs allege that since April 2010, Defendant has posted numerous defamatory statements about them on several websites, all with the intent to damage Plaintiffs' reputation and publicly embarrass them. (R. Doc. 11, ¶¶ 10, 14.) Plaintiffs seek damages and an injunction barring Defendant from

engaging in the alleged tortious conduct. (R. Doc. 11, ¶ 24.)

As to the instant motion, Plaintiffs seek an order requiring Defendant to produce Rule 26(a) initial disclosures, respond to Plaintiffs' Interrogatory Numbers 1 and 2[1], produce documents in response to Request for Production Numbers 1, 2, 3, 4, and 5, and pay Plaintiffs' its reasonable costs and attorney's fees in association with the instant motion. Defendant opposes the motion.

### III.  Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947))  Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must

---

[1] Although Plaintiffs mention Interrogatory Number 3 on pages 1 and 5 of their motion, they failed to make any argument related to the adequacy of Defendant's response in their submission to the Court. Thus, the Court's analysis is limited to Interrogatory Numbers 1 and 2.

consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

**III.    Analysis**

    **A.    Rule 26(a) Initial Disclosures**

In support of their motion, Plaintiffs argue that by agreement with Defendant's former counsel, the parties were to exchange initial disclosures, as required by Rule 26(a), by July 15, 2011. Plaintiffs contend that they served their initial disclosures on July 15, 2011, but that Defendant failed to make any disclosures. Plaintiffs argue that Defendant's former counsel - who withdrew on July 20, 2011 - had an obligation under Local Rule 83.2.11 to inform Defendant of any deadlines. Plaintiffs further argue that they made Defendant aware of his failure to provide initial disclosures in their August 1, 2011 letter, but that he did not reply to their letter, and to date has failed to submit his initial disclosures. Plaintiffs contend that Defendant cannot provide a reason for his failure to timely produce initial disclosures, or that an exception applies. Thus, Plaintiffs seek an order requiring Defendant to immediately produce his initial disclosures, and sanctions in the form of attorney's fees.

In opposition, Defendant argues that he has already provided essentially the same information as should be contained in his initial disclosures in his responses to Plaintiffs' discovery requests. Thus, it would be redundant for him to provide the same information again. Defendant further states, "to the extent that a reply is necessary, defendant adopts as his Rule 26 disclosures the information provided in his interrogatory answers and response to requests for production." Defendant further contends that Plaintiffs' have wrongly assumed that his former attorney explained to him his obligation to file initial disclosures.

The record shows Defendant's former counsel did not withdraw from the case until July 20, 2011 -

3

five days after the agreed-to deadline for initial disclosures. Defendant essentially argues that his former attorney did not notify him of the initial disclosure deadline or explain to him his obligation to file initial disclosures. Indeed, Defendant's former counsel's Motion to Withdraw as Defendant's Counsel (R. Doc. 61) does not contain a statement that Defendant was notified of all deadlines and pending court appearances, as required by Local Rule 83.2.11.

However, on August 1, 2011, counsel for Plaintiffs sent a letter to Defendant regarding, *inter alia*, his failure to submit initial disclosures. Assuming, *arguendo*, that Defendant was not aware his initial disclosures were due on July 15, 2011, once Plaintiffs informed him on August 1, 2011 that his initial disclosures were past due, he had an obligation to submit them.

Except in certain proceedings that are exempt from initial disclosure, which are not applicable here, a party must, without awaiting a discovery request, provide to other parties certain required disclosures set forth in Rule 26(a).[2] Fed.R.Civ.P. 26(a)(1)(A). The parties' obligation to produce initial disclosures is mandatory unless the parties stipulate or are ordered by the Court to do otherwise. Fed.R.Civ.P. 26(a)(1)(A) ("a party *must* . . . provide to the other parties . . . ) (emphasis added). Pursuant to Rule 37, if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(3)(A). If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney

---

[2]Those required disclosures are the following: (1) the name, address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (2) a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (3) a computation of each category of damages claimed by the disclosing party; and (4) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Fed.R.Civ.P. 26(a)(1)(A)(I)-(iv).

4

advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981); Fed.R.Civ.P. 37(a)(5)(A).

The fact that Defendant may have already provided some of the information required by Rule 26(a)(1)(A), does not absolve him of his duty to provide initial disclosures. *Oak Valley Investments, L.P. v. Southwick*, No. 2:06-CV-737 DB, 2007 WL 2084340, at *1 (D. Utah July 17, 2007). Generally, a *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Maloney v. State Farm Fire & Casualty, Co.*, No. 06-9183-MLCF-SS, 2008 WL 1850774, at * 2 (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Id.* at *2 (citing *Birl*, 660 F.2d at 593). Thus, Defendant's purported lack of knowledge of his obligation to provide initial disclosures is insufficient. Once Defendant became aware that his initial disclosures were past due, he had a duty to provide them to Plaintiffs.

### B.     Interrogatory Number 1

On July 8, 2011, Plaintiffs propounded interrogatories and requests for production on Defendant.[3] (R. Doc. 65-2, p. 7.)  Interrogatory Number 1 states:

> Identify all persons with knowledge of any discoverable matter in this lawsuit including their names, addresses, e-mail addresses, phone numbers, and their relationship to the parties or subject matter of this lawsuit.

(R. Doc. 65-2, p.5.)

On August 1, 2011, Defendant served unsigned and undated responses to Plaintiffs. (R. Doc. 65-

---

[3]Rule 26(d) states that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed.R.Civ.P. 26(d)(1). However, on June 15, 2010 Plaintiffs were "excused from the meet and confer requirements of Federal Rules of Civil Procedure 26(d) and 26(f)" by the presiding Judge. (R. Doc. 5.) Thus, Plaintiffs were allowed to seek discovery before receiving Defendant's initial disclosures.

2, p. 16-20.) Defendant objected to Interrogatory Number 1 on the basis that is overly broad and premature. Defendant further responded by listing himself and his address, Juyasis Mata, and Plaintiffs Hingle and Wiltz. (R. Doc. 65-2, p. 16.) Defendant provided no further information.

In support of their motion, Plaintiffs argue Defendant has failed to identify his relationship with the listed parties or their relationship to the subject matter of the lawsuit. Plaintiffs contend that immediately after receiving Defendant's responses, they sent Defendant a letter identifying the deficiencies in his response and requesting a supplemental response. (R. Doc. 65-2, p. 25-26.) Plaintiffs further contend that on August 16, 2011, Defendant sent Plaintiffs an unsigned response to their letter, but failed to provide an adequate supplemental response. Plaintiffs contend that Defendant should be required to supplement his response - particularly as it relates to how Mr. Mata - the person Defendant now claims used his computer and Internet service account to post the alleged defamatory statements - gained access to Defendant's internet service account. Plaintiffs further contend that Defendant should be required to sign his responses in accordance with Rule 33(b).

In opposition, Defendant argues that he has provided all of the responsive information in his possession. Defendant also argues that at this stage of the litigation, it is impossible for him to know what is discoverable, or the identity of every person who may have knowledge of discoverable information. Defendant further argues that he was not aware that Plaintiffs were unsatisfied with his discovery responses. Interestingly, he also makes the argument that in response to Plaintiffs' correspondence regarding his deficient discovery responses, he confirmed that Mata is a "personal acquaintance", and specified that Mata is not an employee nor a relative of defendant.

Interrogatory Number 1 requests Defendant identify *all persons* with knowledge of *any* discoverable matter. Defendant contends that his internet service account is unsecured. Thus, virtually anyone could have gained access to his account and/or have knowledge of discoverable information.

Thus, Defendant's objection on the basis of overly broad is sustained.

Further, Defendant has already provided Plaintiffs his contact information. Certainly, Plaintiffs are well aware of their relationship to the lawsuit, as well as their contact information, relationship to Defendant, and relationship to the lawsuit. Thus, the only outstanding issue is Mr. Mata. However, Defendant has already provided Plaintiffs Mr. Mata's contact information and identified him as a "personal acquaintance". (R. Doc. 65-2, p. 16-18.) Because Plaintiffs' *did not* request information regarding how Mr. Mata allegedly gained access to Defendant's internet service account, Defendant is not required to provide this information in response to Interrogatory Number 1.

### C.     **Interrogatory Number 2**

Interrogatory Number 2 states:

> Identify all persons, including their names, addresses, e-mail addresses, phone numbers, and their relationship to the parties or subject matter of this lawsuit, that you contend had access to internet service through any internet service account that you obtained, controlled, or paid for on your behalf or on behalf of any company or organization, including but not limited to Alpha Trading International Co. and Delta Trading Co., including the service account bearing account number 9545639394421.

(R. Doc. 65-2, p. 5-6.) Defendant objected to Interrogatory Number 2 on the basis that it is overly broad, vague, not limited to a specific time frame, and seeks information beyond the scope of Defendant's knowledge. (R. Doc. 65-2, p. 17.) Defendant further responded that "there are a number of others who could have made use of these services or accounts as they are unsecured."

In support of their motion, Plaintiffs argue that in response to their August 1, 2011 letter identifying the deficiencies in Defendant's response and requesting a supplemental response, Defendant stated, "I believe the response to interrogatory no. 2 is adequate." (R Doc. 65-2, p. 27.) Plaintiffs argue that the identity of the author of the defamatory statements at issue is highly relevant. Thus, they are entitled to the identity of anyone who may have had access to Defendant's internet service and/or may

be able to provide relevant evidence regarding the authorship of the defamatory statements. Plaintiffs' contend that Defendant should be required, at least, to identify those individuals, including his friends, acquaintances, and employees, that he is aware had access to his internet service account

In opposition, Defendant argues that he cannot possibly provide a response to Interrogatory Number 2 because his internet service account was unsecured and could have been accessed by anyone. Defendant further argues that there is no way to determine and record who has used his internet service account. Therefore, he is unable to further supplement his response.

Here, Plaintiffs' request specifically requests the names of individuals Defendant contends had access to his internet service account, as well as each individuals' contact information, and relationship to the parties or subject matter of this lawsuit. However, the request is not properly limited to a specific time frame. Thus, Defendant's objection on this basis is sustained.

### D. Request for Production Numbers 1 through 5

Request for Production Numbers 1 through 5 state the following:

**Request No. 1**: All documents regarding SUSTA, including any and all applications you made, on your behalf or on behalf of any company or organization -- including but not limited to Alpha Trading International Co. and Delta Trading Co. -- for business assistance, grants, loans, or for any other reason.

**Request No. 2**: All documents reflecting any communication you had, on your behalf or on behalf of any company or organization, including but not limited to Alpha Trading International Co. and Delta Trading Co., with SUSTA or its agents or employees, including but not limited to Jerry Hingle, Bernadette Wiltz, Deneen Wiltz, or Brooke Parry.

**Request No. 3**: All documents regarding any and all applications you made, on your behalf or on behalf of any company or organization, including but not limited to Alpha Trading International Co. and Delta Trading Co., to any state or federal governmental entity, trade association, or any other organization other than SUSTA, including but not limited to the Florida Department of Agriculture and Consumer Services and the Virginia Marine Products Board, for business assistance, grants, loans, or for any other reason.

**Request No. 4**: All documents reflecting any communication you had, on your behalf or on behalf of any company or organization, including but not limited to Alpha Trading International Co. and Delta Trading Co., with any state or federal governmental entity, trade association, or any other organization other than SUSTA, including but not limited to the Florida Department of Agriculture and Consumer Services and the Virginia Marine Products Board.

**Request No. 5**: All documents -- including all billing records and access reports -- related to any telephone, cable, or other service account providing internet service that you had, on your behalf or on behalf of any company or organization, including but not limited to Alpha Trading International Co. and Delta Trading Co., and including the service account bearing account number 9545639394421.

(R. Doc. 65-2, p. 13-14.) In response to Request for Production Numbers 1-3, Defendant stated, "Responsive documentation will be produced." (R. Doc. 65-2, p. 22.) Defendant objected to Request for Production Number 4 on the basis that it is overly broad and does not adequately define the subject matter included in the requests. (R. Doc. 65-2, p. 22.) Defendant objected to Request for Production Number 5 on the basis that it is overly broad and is not limited to a particular time frame. (R. Doc. 65-2, p. 23.)

In support of their motion, Plaintiffs contend that to date, they have not received any documents from Defendant in response to Request for Production Numbers 1 through 5. Plaintiffs argue that Defendant's objection to Request for Production Number 5 on the basis that it is not limited to a particular time frame must be overruled, as their requests explicitly state that, unless otherwise specified, the requests seek documents in existence from January 1, 2008 until the date of the response. Plaintiffs further argue that in response to their August 1, 2011 letter Defendant reversed his initial position and stated, "[w]ith regard to 1, 2 and 3 – you already have all that in your possession." (R. Doc. 65-2, p. 27.) Defendant further stated, "[i]n response to request no. 4 I need more time to gather this information. . . . [i]n response to request no. 5 I do not have possession of any billing records or access reports." (R. Doc. 65-2, p. 27.) Plaintiffs contend that Defendant cannot be allowed to simply refuse to respond to their requests, and that his attempt to do so is merely an attempt to delay this matter.

9

In opposition, Defendant merely states that he has searched for documents that are responsive to Plaintiffs' Requests for Production, but that he does not possess any responsive documents.

Motions to compel may also be filed where a party fails to produce documents in response to a request for production. Fed.R.Civ.P. 37(a)(3)(B). Here, Defendant has failed to produce any documents in response to Request for Production Numbers 1, 2 and 3. Instead, Defendant states that he does not possess any responsive documents. However, Defendant did not object to these requests. Nor did he state that the documents do not exist or that it would be overly burdensome for him to gain access to the documents through a third party or different source. Thus, Defendant has not provided the Court "substantial justification" for his failure to respond to Request for Production Numbers 1, 2 and 3.

The Court agrees that Request for Production Numbers 4 is overly broad in that it requests *all* documents reflecting *any* communication with *any* state or federal governmental entity, trade association, or *any* other organization. Thus, Defendant's objection to Request for Production Number 4 on the basis of overly broad is sustained.

The Court does not find Request for Production Number 5 overly broad in that it only requests documents related to the specific internet service account at issue. The Court notes that Plaintiffs' requests for production explicitly state that, unless otherwise specified, the requests seek documents in existence from January 1, 2008 until the date of the response. Thus, Defendant's objections to Request for Production Number 5 are overruled.

## IV. Conclusion

**IT IS ORDERED** that **Plaintiffs' Motion to Compel and to Impose Discovery Sanctions (R. Doc. 65)** is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant shall provide Plaintiffs with his initial disclosures no later than **no later than January 23, 2012**. Defendant shall sign his initial disclosures, as required

by Rule 26(3)(B)(4).

**IT IS FURTHER ORDERED** that Defendant is shall provide Plaintiffs with his supplemental responses to Request for Production Numbers 1, 2, 3, and 5 **no later than January 23, 2012**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for reasonable costs, including attorney's fees is hereby **DENIED.**

New Orleans, Louisiana, this 11th day of January 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**