UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN UNITED STATES TRADE ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1669** |
| **UNIDENTIFIED PARTIES** | **SECTION: "L" (4)** |

### ORDER

Before the Court is **Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80)** filed by Plaintiffs Southern United States Trade Association, Jerry Hingle, and Bernadette Wiltz ("Plaintiffs") seeking an order from this Court requiring Defendant Sumit Guddh ("Defendant") to respond to their second set of discovery requests. Plaintiffs also seek discovery sanctions in the form of attorney's fees against Defendant. The motion is unopposed. The motion was heard on the briefs on November 30, 2011.

### I.   Factual Background

This defamation lawsuit arises out of alleged defamatory statements allegedly posted by Defendant on various Internet websites. Plaintiff Southern United States Trade Association ("SUSTA") is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. (R. Doc. 11, ¶¶ 1, 7.) Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director. (R. Doc. 11, ¶¶ 2-3.)

Plaintiffs allege that since April 2010, Defendant has posted numerous defamatory statements about them on several websites, all with the intent to damage Plaintiffs' reputation and publicly embarrass them. (R. Doc. 11, ¶¶ 10, 14.) Plaintiffs seek damages and an injunction barring Defendant

from engaging in the alleged tortious conduct. (R. Doc. 11, ¶ 24.)

As to the instant motion, Plaintiffs seek an order requiring Defendant to respond to their second set of interrogatories, and pay Plaintiffs' reasonable costs and attorney's fees in association with the motion. The motion is unopposed.

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources;

(4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P. 26(b)(2)(C)(iii).

**II.     Analysis**

    **A.     Local Rule 7.5**

Under Local Rule 7.5, any memorandum in opposition to a motion must be filed eight (8) days before the noticed submission date.  Here, Plaintiff did not file a memorandum in opposition, nor did he request an extension of time within which to oppose the motion, *see* Local Rule 7.8.  Thus, the motion is unopposed.

    **B.     Interrogatory Number 8**

Interrogatory Number 8 requests Defendant "[i]dentify the 'law intern' referenced in your September 19, 2011 letter to Magistrate Judge Roby, including his or her name, street address, e-mail address, and phone numbers." (R. Doc. 80-2, p. 5.)  Defendant objected to Interrogatory Number 8 on the basis that the information sought is irrelevant, and not reasonably calculated to lead to discoverable information.  (R. Doc. 80-2, p. 7.)

In support of their motion, Plaintiffs argue that they are entitled to the identity and location of persons having knowledge of any discoverable matter.  Plaintiffs contend that during a telephone conference with Plaintiffs' counsel, Defendant claimed that his "law intern" was employed by an attorney, but that he was not represented by an attorney, and refused to provide the law intern's or the attorney's name or contact information.  Plaintiffs further argue that the identity and contact information for the law intern are relevant to Plaintiffs' claims, and because Plaintiffs' may seek to depose the law intern, this information is reasonably calculated to lead to discoverable evidence. Plaintiffs further contend that they are also entitled to know if there is, in fact, no law intern.

3

The discovery rules are accorded a broad and liberal treatment in order to affect their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176 (1979). As a result, relevancy is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter in the action or if there is any possibility that the information sought may lead to the discovery of admissible evidence. *Heaton v. Monogram Credit Card Bank of* Georgia, No. 98-1823, 2004 WL 515760, at *4 (E.D. La. March 16, 2004) (citing Fed.R.Civ.P. 26(b)(1)). Thus, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Id.*; *Piazza's Seafood World, L.L.C. v. Odom*, No. 07-413-BAJ-CN, 2011 WL 3664437, at *2 (M.D. La. Aug. 19, 2011). Moreover, if the discovery seems relevant, the burden to establish lack of relevance is on the party resisting the discovery. *Heaton*, 2004 WL 515760, at *4.

Here, Plaintiffs' request seeks the identity of and contact information for a person who likely has knowledge of the underlying facts in this case. Certainly, it is possible that this information may lead to the discovery of admissible evidence. Further, Rule 26 expressly provides that within the proper scope of discovery is the "existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). Therefore, Defendant has an affirmative obligation to provide Plaintiffs with the name and contact information of the legal intern. Defendant's objections are overruled.

### C. Interrogatory Number 9

Interrogatory Number 9 states,

Describe your interaction with the "law intern" referenced in Interrogatory No. 8, including how you began working with the "law intern," the tasks the "law intern"

4

>completed, advice the "law intern" provided to you, whether you paid the "law intern" for his or her services, and the amount and terms of any compensation that you or anyone else provided.

(R. Doc. 80-2, p. 5-6.) Defendant objected to Interrogatory Number 9 on the basis that it is vague, irrelevant, and seeks information that is not reasonably calculated to lead to discoverable information. (R. Doc. 8-2, p. 8.)

In support of their motion, Plaintiffs argue that Defendant's interactions with his "law intern" regarding his discovery responses is relevant and discoverable, as Defendant may have discussed the facts of this case or aspects of his defense with his legal intern.

The Court first notes that there is no indication in the record that the legal intern is a licensed attorney. Further, it is possible that the information requested may lead to the discovery of admissible evidence. Thus, Defendant has an affirmative obligation to provide Plaintiffs with the information requested.

The Court further finds that Plaintiffs' request is not vague as it uses ordinary words and commonly known terms. Accordingly, Defendant's objections are overruled.

**D.     Interrogatory Number 10**

Interrogatory Number 10 states, "[I]dentify Juyasis Mata's work address." (R. Doc. 80-2, p. 6.) Defendant objected to this request on the basis that it seeks information that is not reasonable calculated to lead to discoverable information. (R. Doc. 80-2, p. 8.)

In support of their motion, Plaintiffs emphasize that Defendant claims that Mr. Mata is responsible for the internet posts at issue in this case. Plaintiffs argue that obtaining Mr. Mata's work address will assist them in locating and deposing Mr. Mata. Plaintiffs contend that because Defendant has stated that Mr. Mata is a personal friend, Defendant should be able to easily obtain this information.

5

The Court finds that given Mr. Mata's alleged participation in posting the statements at issue, his contact information is within the scope of discovery under Rule 26(b)(1). Thus, Defendant's objection is overruled. To the extent that Defendant does not know Mr. Mata's work address, he is to so state.

### E. Attorney's Fees

Rule 37(a)(5) provides that when a discovery motion is granted the court shall award reasonable expenses, including attorney's fees, to the prevailing party. Fed.R.Civ.P. 37(a)(5)(A). Under this Rule, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981).

Here, Defendant's objections were not justified and Defendant has a duty to respond to Plaintiffs' discovery requests. Accordingly, reasonable expenses, including attorney's fees are awarded against Defendant, in connection with this motion.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80)** is hereby **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Plaintiffs' request for reasonable expenses, including attorney's fees, is **GRANTED;**

**IT IS FURTHER ORDERED** that Defendant shall submit his responses to Interrogatory Numbers 8, 9, and 10 to Plaintiffs **no later than Wednesday, February 8, 2012**;

**IT IS FURTHER ORDERED** that Plaintiffs shall file a motion to fix expenses and attorney's fees into the record on or before Wednesday, February 15, 2012, along with: (1) an affidavit attesting to the attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2.  Any opposition to the expenses and fee application shall be filed no later than Wednesday, February 22, 2012.  Plaintiffs shall at the time of filing, notice the motion to fix attorney's fees for submission Wednesday, February 22, 2012, and the motion shall be heard on that date without oral argument.

New Orleans, Louisiana, this 30th day of January 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**