UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SOUTHERN UNITED STATES TRADE ASSOCIATION | CIVIL ACTION |
|---|---|
| VERSUS | NO: 10-1669 |
| UNIDENTIFIED PARTIES | SECTION: "L" (4) |

ORDER

Before the Court is **Plaintiffs' Motion for Leave to File Second Amended Complaint (R. Doc. 78)** filed by Plaintiffs Southern United States Trade Association, Jerry Hingle, and Bernadette Wiltz ("Plaintiffs") seeking an order from this Court granting them leave to file a second amended complaint. Defendant Sumit Guddh ("Defendant") opposes the motion. (R. Doc. 81.) The motion was heard on the briefs on November 30, 2011.

I.  **Factual Background**

This defamation lawsuit arises out of alleged defamatory statements posted by Defendant on various internet websites. Plaintiff Southern United States Trade Association ("SUSTA") is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. (R. Doc. 11, ¶¶ 1, 7.) Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director. (R. Doc. 11, ¶¶ 2-3.)

Plaintiffs allege that since April 2010, Defendant has posted numerous defamatory statements about them on several websites, all with the intent to damage Plaintiffs' reputation and

publicly embarrass them. (R. Doc. 11, ¶¶ 10, 14.) Plaintiffs seek damages and an injunction barring Defendant from engaging in the alleged tortious conduct. (R. Doc. 11, ¶ 24.)

As to the instant motion, Plaintiffs seek an order from this Court granting them leave to file a second amended complaint, which adds Juyasis Mata as a defendant and adds two additional counts against Defendant and Mata: (1) conspiracy to defame; and (2) aiding and abetting defamation. In an affidavit, filed by Defendant in support of his motion for summary judgment, Mata claimed responsibility for the alleged defamatory internet posts.[1] As a result of Mata's disclosure, Plaintiffs now seek leave to amend their complaint. Defendant opposes the motion and argues that Plaintiffs' request for leave to amend the complaint is merely an attempt to avoid or delay summary judgment against them.

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). "This policy is certainly strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Insur. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

---

[1]Mata's affidavit specifically states, "I am the individual who authorized and posted, on my own, the items about which the plaintiffs complain; I have access to a computer through which I am able to use Internet protocol (IP) addresses which either belong to or are registered in the name of Mr. Guddh and/or his business; . . ." (R. Doc. 77-2, p. 3.)

2

However, leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* As outlined by the Supreme Court, courts in this Circuit examine five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith, or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave to amend a complaint should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) *(*citing *Forman*, 371 U.S. at182).

## II.    Analysis

The Court first notes that Plaintiff's motion for leave to file a supplemental and amended petition was filed on November 7, 2011. No scheduling order has been issued in this case, nor has a deadline to amend pleadings been set. Thus, the Court's analysis is limited to Rule 15(a).

### A.    Undue Delay, Bad Faith, or Dilatory Motive

In support of their motion, Plaintiffs contend that the instant motion was filed immediately after they received Mata's affidavit. Thus, there has been no undue delay in their request for leave to amend. Plaintiffs further argue that because the parties have only conducted limited discovery, no depositions have been taken, and no trial date has been set, their proposed second amended complaint will not unduly delay the litigation.

In opposition, Defendant fails to address whether there has been any undue delay. Instead, Defendant argues that Plaintiffs' request for leave to amend is merely an attempt to avoid or delay

summary judgment against them. The rest of Defendant's opposition is largely devoted to the underlying facts of the case and the merits of his motion for summary judgment.

Delay alone does not justify denial of a motion to amend. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Rather, denial of a motion under Rule 15(a) is appropriate where the delay is "undue" in that it prejudices the nonmoving party or places an unfair burden on the court. *Mayeaux v. Louisiana Health Serv. & Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citing *Dussouy v. Gulf coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981); *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984, *cert denied*, 469 U.S. 1122 (1985).

Here, no scheduling order has been issued, nor has a trial date been set. Further, given the fact that Plaintiffs' filed the instant motion five (5) days after receiving the affidavit that triggered their request for leave to amend, it cannot be said that Plaintiff's motion was a product of undue delay, bad faith, or dilatory motive.[2] This factor weighs in favor of granting Plaintiffs leave to amend.

### B. <u>Undue Prejudice</u>

In support of their motion, Plaintiffs argue that neither Defendant or Mata will be prejudiced by the addition of Mata as a defendant, as Mata has already admitted responsibility for the alleged defamatory internet posts.

In opposition, Defendant fails to address whether the proposed second amended complaint would result in undue prejudice.

---

[2]Further, the Court notes that there has not been a repeated failure on the part of the Plaintiffs in curing pleading deficiencies. The Plaintiffs have once altered their complaint due to new facts, and seek to do the same here.

The touchstone of the inquiry under Rule 15(a) is whether the proposed amendment would unfairly prejudice the defendant by denying it notice of the nature of the complaint. *Lowrey v. Texas A & M University*, 117 F.3d 242, 246 (5th Cir. 1997). A defendant is prejudiced if an added claim would require the defendant "to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Here, Plaintiffs proposed second amended complaint adds new allegations that Defendant and Mata conspired to post defamatory statements about Plaintiffs on multiple websites, and that Defendant and Mata aided and abetted defamation. (R. Doc. 78-4, ¶¶ 11, 14, 16, 30-39.) Plaintiffs' proposed allegations arise from facts sworn to by Mata in an affidavit that was *filed into the record by Defendant*. Accordingly, it cannot be said that Defendant did not have notice of the pendency and nature of Plaintiffs' proposed second amended complaint.

Further, only limited discovery has taken place in this matter, and no discovery deadline or trial date has been set. While the proposed claims will likely require additional discovery, the Court finds that they will not unduly prejudice the Defendant. Given the early stage of this litigation, there is still ample time to conduct discovery. Thus, the Court concludes Plaintiffs' proposed second amended complaint would not result in undue prejudice. This factor weighs in favor of granting Plaintiffs leave to amend.

### C. **Futility**

In support of their motion, Plaintiffs argue that their proposed second amended complaint adds valid claims for conspiracy and aiding and abetting defamation, which are not forclosed by Defendant's affidavit. Plaintiffs further argue that Defendant's admission in his affidavit that he

provided Mata with internet access provides further support for the sufficiency of Plaintiffs' new allegations.

In opposition, Defendant seems to argue that the affidavits he submitted in support of his motion for summary judgment make Plaintiffs' proposed second amended complaint futile. Defendant contends that the affidavits negate the possibility that Plaintiffs' conspiracy claims "have any substance in the first place." Defendant further contends that the affidavits establish that (1) he did not do the things Plaintiffs accuse him of doing; (2) he did not direct them to be done, (3) he did not have knowledge that they were being done; and (4) he is not responsible for Mata's actions.

The Court may deny a motion to amend if it concludes that the proposed amendment would be futile. *J.R. Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). An amendment is futile when it fails to state a claim upon which relief could be granted. *Id.* at 873. To determine futility, the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* As the Fifth Circuit has explained, a court may not deny the motion for leave to amend "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations and citations omitted). In applying this standard, a court must read the facts alleged in the complaint in the light most favorable to the plaintiff and must accept the allegations as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Moreover, the Court limits its inquiry to whether the plaintiff is entitled to offer evidence to support claims and does not address whether the plaintiff will ultimately prevail on the merits. *Johnson v. Dallas Ind. School Dist.*, 38 F.3d 198, 199 (5th Cir. 1994).

Here, Plaintiff's proposed second amended complaint alleges Defendant and Mata conspired together to post defamatory statements about Plaintiffs on the internet, and for aiding and abetting

defamation. When the facts alleged in Plaintiff's proposed second amended complaint are read in the light most favorable to Plaintiffs, it cannot be said that Plaintiffs can prove no set of facts in support of their claims which would entitle him to relief. Further, Defendant's affidavit statements relate to the merits of Plaintiffs' claims, not whether Plaintiffs are entitled to offer evidence to support their claims. For these reasons the Court concludes that granting Plaintiffs leave to amend would not be futile. This factor weighs in favor of granting Plaintiffs leave to amend.

Because the Court concludes that there has been no undue delay, bad faith, or dilatory motive, there would be no undue prejudice to Defendant, and the proposed second amended complaint is not futile, leave to amend shall be granted.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion for Leave to File Second Amended Complaint (R. Doc. 78)** is hereby **GRANTED**.

New Orleans, Louisiana, this 6th day of February 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**