UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SOUTHERN UNITED STATES TRADE ASSOCIATION** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1669** |
| | * | |
| **UNIDENTIFIED PARTIES** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant Sumit Guddh's Motion for Summary Judgment (Rec. Doc. No. 77). The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is denied.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of allegedly defamatory statements posted by Defendant Sumit Guddh on various Internet websites. In its Amended Complaint, Plaintiff Southern United States Trade Association (SUSTA) states that it is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director. Plaintiffs allege that since April 2010, Defendant has posted numerous defamatory statements about them on several websites, all with the intent to tarnish their reputation. Plaintiffs have filed suit in this Court, seeking damages and an injunction barring Defendant from engaging in the alleged tortious conduct.

On April 14, 2011, Defendant filed a motion to dismiss for lack of personal jurisdiction. Defendant argued that under the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), he does not have the minimum contacts with Louisiana for this Court to assert personal jurisdiction over him. Defendant emphasized, among other things, that the contents of the allegedly defamatory

1

statements are not focused on Louisiana and that SUSTA's operations extend to a number of states other than Louisiana. Plaintiffs opposed the motion. Plaintiffs asserted that Defendant's prior dealings with SUSTA, and the contents of his statements, make it clear that his statements were expressly aimed at Louisiana and that therefore, personal jurisdiction is proper under *Calder*.

On June 16, 2011, this Court denied Defendant's motion. Applying the Supreme Court's decision in *Calder* and Fifth Circuit precedent explaining the requirements of that case, the Court found that Plaintiffs had established a prima facie case for personal jurisdiction. The Court noted that the material presented by the parties, when viewed in the light most favorable to Plaintiffs, supported the finding that the focal point of the statements was Louisiana. The Court also concluded that the material, when viewed in the light most favorable to Plaintiffs, supported the finding that the focal point of the alleged harm was Louisiana. Accordingly, the Court held that Plaintiffs had made prima facie case for specific jurisdiction.

Defendant has now filed for Summary Judgment (Rec. Doc. No. 77). In his brief, Defendant argues that he should be granted summary judgment because he did not author, authorize, or post the derogatory messages at issue. In support of this contention, Defendant has provided two affidavits: in the first, Defendant avers that he did not make the postings of which Plaintiffs complain; in the second, Defendant's employee, Juyasis Mata, swears that he had access to a computer that used Defendant's IP address, and he posted the derogatory messages. In light of these affidavits, Defendant argues that the Court must grant him summary judgment, as there is no factual question regarding the author of the postings.

Plaintiffs have filed an opposition to the motion. Plaintiffs argue that a motion for summary judgment cannot be granted on the basis of self-serving affidavits. Furthermore, Plaintiffs contend that Defendant's credibility is a central issue to this case, and therefore the weight that should be given his affidavit is properly determined by a jury. Accordingly, Plaintiffs argue, Defendant's

2

motion should be denied.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the non-moving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc., v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court views the evidence in the light most favorable to the non-moving party when considering a summary judgment motion. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

### B. Analysis

It is well-settled law that affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to sustain a motion for summary judgment. *Stradley v. Lafourche Commuc'ns, Inc.*, 869 F. Supp 442, 445 (E.D. La. 1994) (Clement, J.) ("[s]elf-serving affidavits . . . have been held insufficient to sustain motions for summary judgment."); *State Farm Mut. Auto. Ins. Co. v. Philly Family Practice, Inc.*, 252 F. Supp. 2d 718, 726 (E.D. Pa. 2007) ("[S]elf-serving affidavit [] is an unreliable foundation to support his motion for summary judgment.") (citing *I.V. Servs. Of Am., Inc. v. Trs. Of Am. Consulting*, 136 F.3d 114, 122 (2d Cir. 1998) ("[A] finder of fact need not have believed [the] self-serving affidavit.")); *Strum v. Ross*, 11 F. Supp. 2d 942, 946 (S.D. Tex. 1998) (the

court denied summary judgment because the defendants "erroneously relie[d] exclusively on . . . self-serving affidavits."); *Welch v. Liberty Machine Works, Inc.*, 23 F.3d 1430 (8th Cir. 1994) (overruled on other grounds) (holding that a self-serving affidavit "alone is insufficient" at summary judgment.).

In considering a motion for summary judgment, the court is instructed to "review all of the evidence . . . but mak[e] no credibility determinations of weighing any evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). In the instant case, the issues in controversy are factual, and depend largely on the credibility of Plaintiff. This court has explained, "[w]ithout observing the demeanor of witnesses, and hearing cross-examination or attempts at impeachment, the court can hardly grant summary judgment on the ground that one affidavit is more believable than another." *Blanke v. Time, Inc.*, 308 F. Supp. 378, 381 (E.D.La. 1970) (Rubin, J.). Further, this Court agrees, "it is trial by jury that is guaranteed by the Constitution, not trial by affidavit." *Id.* at 379.

Therefore, because Defendant's motion for summary judgment relies solely on his self-serving affidavits for support, and because the Defendant's credibility is a fact issue to be decided by the jury, the Court must conclude that summary judgment is inappropriate at this time. Accordingly, Defendant's motion must be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. No. 77) is hereby **DENIED**.

New Orleans, Louisiana, this 22nd day of February, 2012.

                                                      UNITED STATES DISTRICT JUDGE