UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN UNITED STATES TRADE ASSOCIATION     CIVIL ACTION

VERSUS     NO: 10-1669

UNIDENTIFIED PARTIES     SECTION: "L"(4)

### ORDER

On January 30, 2012, the undersigned issued an order granting Plaintiffs Southern United States Trade Association, Jerry Hingle, and Bernadette Wiltz (collectively "Plaintiffs") reasonable expenses, including attorney's fees, in connection with Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80). (R. Doc. 91.) In compliance with the Court's order, Plaintiffs filed **Plaintiffs' Motion to Fix Attorney's Fees (R. Doc. 97)**, seeking award of $ 2,475.00 in attorney's fees against Defendant Sumit Guddh ("Guddh"). Guddh did not file a memorandum in opposition to the instant motion, nor did he request an extension of time within which to oppose it. *See* Local Rule 7.8. Thus, the motion is unopposed.

### I. Background

This defamation lawsuit arises out of alleged defamatory statements allegedly posted by Defendant on various Internet websites. Plaintiff Southern United States Trade Association ("SUSTA") is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. (R. Doc. 11, ¶¶ 1, 7.) Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy

director.  (R. Doc. 11, ¶¶ 2-3.)

Plaintiffs allege that since April 2010, Defendant has posted numerous defamatory statements about them on several websites, all with the intent to damage Plaintiffs' reputation and publicly embarrass them.  (R. Doc. 11, ¶¶ 10, 14.)  Plaintiffs have filed suit in this Court, seeking damages and an injunction barring Defendant from engaging in the alleged tortious conduct.  (R. Doc. 11, ¶ 24.)

On November 8, 2011, Plaintiffs filed Plaintiffs' Second Motion to Compel and Impose Discovery Sanctions (R. Doc. 80), seeking an order from this Court requiring Guddh to respond to their second set of discovery requests and awarding them discovery sanctions in the form of attorney's fees.  Guddh failed to file a memorandum in opposition, nor did he request an extension of time within which to oppose the motion.  *See* Local Rule 7.8.  On January 30, 2012, the Court granted in part and denied in part Plaintiffs' Second Motion to Compel and Impose Discovery Sanctions (R. Doc. 80), and awarded Plaintiffs reasonable expenses, including attorney's fees, in connection with the motion.  (R. Doc. 91.)  Subsequently, the Court issued an amendment, stating that Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80) was granted, and that all other aspects of (R. Doc. 91) remained in full force and effect.  (R. Doc. 92.)

As a result of the order granted them reasonable expenses, including attorney's fees, Plaintiffs now seek an order fixing the reasonable attorneys fees, which it contends is $2,475.00.

## II.   Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

In support of the motion, Plaintiffs submitted the affidavit of Michael Balascio, who provides the Court with information regarding his education, background and experience. He states that he is an associate with Barrasso, Usdin, Kupperman, Freeman & Sarver in New Orleans, where he has worked since October 2010. He indicates that he before joining the firm, he worked as a judicial law clerk to U.S. District Judge Lance Africk of the Eastern District of Louisiana for two years. He further indicates that he has a hourly billable rate of $225.00. As discussed above, Guddh did not file an opposition to the instant motion, nor did he contest the reasonableness of the hourly rate. As

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

such, the Court finds that the hourly rate of $225.00 is reasonable.

Further, regarding the hours charged for the Plaintiffs' Second Motion to Compel, Balascio states that he has exercised billing judgment, applied discounts, and reduced the hours of time he spent on the matter. He contends that his hourly rate is reasonable based upon his experience. He further states that the total amount of attorney's fees he seeks is $405.00. In support of his request, he submits a redacted invoice indicating the hours worked and a description of the work performed - namely work performed in association with the supplemental memorandum in support of the Second Motion to Compel.

Also attached to the motion is the affidavit of Stephen Kupperman, a partner at the Barrasso, Usdin firm. Kupperman contends that he supervised the work of Balascio and that the billing records reflect reasonable fees in connection with Plaintiffs' Second Motion to Compel and Plaintiffs' supplemental memorandum in support of the motion. Kupperman also provided the Court with additional billing invoices reflecting additional work performed by Balascio on Plaintiffs' Second Motion to Compel and the supplemental memorandum in support of the motion. The combined invoices total $3,127.50. However, Plaintiffs' only seek to recover $2,475.00.

Considering the educational background and experience of Balascio, the fact that he exercised billing judgment, and the actual billing invoices, the Court finds the amount of $2,475.00 to be reasonable.

### IV. Conclusion

Accordingly,

**IT ORDERED** that **Plaintiffs' Motion to Fix Attorney's Fees (R. Doc. 97)** is **GRANTED**. Plaintiffs Southern United States Trade Association, Jerry Hingle, and Bernadette Wiltz are **hereby**

**awarded $2,475.00 in attorney's fees** in association with Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80), and for Defendant Sumit Guddh's failure to comply with his discovery response obligations. The $2,475.00 in attorney's fees shall be paid by Guddh to Plaintiffs **no later than 20 days from the signing of this order**.

New Orleans, Louisiana, this 25th day of May 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**