UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN UNITED STATES TRADE ASSOCIATION          CIVIL ACTION

VERSUS                                            NO: 10-1669

UNIDENTIFIED PARTIES                              SECTION: "L" (4)

ORDER

Before the Court is a **Motion for Reconsideration of Court's Orders 91 and 92 (R. Doc. 103)**, filed by Defendant Sumit Guddh ("Guddh"), requesting the Court reconsider its order granting in part and denying in part Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80).  (R. Doc. 91.)  Guddh also requests the Court reconsider its subsequent order, which amended (R. Doc. 91) to state that Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80) was granted, and that all other aspects of (R. Doc. 91) remained in full force and effect.  (R. Doc. 92.)  The motion was heard on the briefs on March 14, 2012.  Plaintiffs Southern United States Trade Association, Jerry Hingle, and Bernadette Wiltz (collectively "Plaintiffs") oppose the motion.  (R. Doc. 104.)

I.      Background

        This defamation lawsuit arises out of alleged defamatory statements allegedly posted by Defendant on various Internet websites.  Plaintiff Southern United States Trade Association ("SUSTA") is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products.  (R. Doc. 11, ¶¶ 1, 7.)  Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director.  (R. Doc. 11, ¶¶ 2-3.)

        Plaintiffs allege that since April 2010, Defendant has posted numerous defamatory statements

about them on several websites, all with the intent to damage Plaintiffs' reputation and publicly embarrass them.  (R. Doc. 11, ¶¶ 10, 14.)  Plaintiffs have filed suit in this Court, seeking damages and an injunction barring Defendant from engaging in the alleged tortious conduct.  (R. Doc. 11, ¶ 24.)

On November 8, 2011, Plaintiffs filed Plaintiffs' Second Motion to Compel and Impose Discovery Sanctions (R. Doc. 80), seeking an order from this Court requiring Guddh to respond to their second set of discovery requests and awarding them discovery sanctions in the form of attorney's fees. Guddh failed to file a memorandum in opposition, nor did he request an extension of time within which to oppose the motion.  *See* Local Rule 7.8.  On January 30, 2012, the Court granted in part and denied in part Plaintiffs' Second Motion to Compel and Impose Discovery Sanctions (R. Doc. 80), and awarded Plaintiffs reasonable expenses, including attorney's fees, in connection with the motion.  (R. Doc. 91.)  Subsequently, the Court issued an amendment, stating that Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80) was granted, and that all other aspects of (R. Doc. 91) remained in full force and effect.  (R. Doc. 92.)

As to the instant motion, Guddh requests the Court reconsider its order granting in part and denying in part Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80). (R. Doc. 91.)  Guddh also requests the Court reconsider its subsequent order.  (R. Doc. 92.)

Plaintiffs oppose the motion and argue that Guddh fails to present any issues that warrant the Court reconsidering its orders.  Plaintiffs further argue that Guddh has failed to meet the requirements of Federal Rule of Civil Procedure 60(b).  Thus, his motion should be denied.

## II.   <u>Standard of Review</u>

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider.  *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).  However, the Fifth Circuit has

treated motions to reconsider as either motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), or motions for relief from judgment pursuant to Rule 60(b), depending upon when the motion is filed.  *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other ground by Little v. Liquid Air Corp.*, 37 F.3d 167, 173 (5th Cir. 1990).  A motion for reconsideration is considered under Rule 59(e) if it is served within ten days of the court's ruling, and under Rule 60(b) if it is served more than ten days after the court's ruling.  *Dial One of the Mid-South, Inc. v. Bellsouth Telecomm., Inc.*, 401 F.3d 603, 606 (5th Cir.2005) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n. 3 (5th Cir.1991)); *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).  The instant motion was filed more than ten days after the Court's ruling, and is therefore considered a motion for relief from judgment pursuant to Rule 60(b).  *See Seneca Resources Corp. v. Superior Diving Co., Inc.*, No. 05-250, 2006 WL 2568053, at *1 (E.D. La. Sep. 5, 2006) (analyzing motion to reconsider the denial of summary judgment under Rule 60(b) because it was filed after ten days of the entry of an order); *Dorsey v. N. Life Ins. Co.*, No. 04-0342, 2005 WL 3541141, at *1 (E. D. La. Nov. 8, 2005).

A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly and should not be used to re-litigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion.  Under Rule 60(b), a district court may reconsider an earlier order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

3

or (6) any other reason justifying relief.  Fed. R. Civ. Proc. 60(b); *Seneca*, 2006 WL 2568053, at *1.

**III.**   **Analysis**

Much of Guddh's motion is devoted to arguing points that should have been submitted in opposition to Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80). As discussed above, Guddh failed to file a memorandum in opposition to the motion, and will not be allowed to do so at this juncture.

In opposition to the motion, Plaintiffs argue that Guddh has failed to establish any of the grounds required by Rule 60(b).  Thus, his attempt to argue points that should have been submitted in his memorandum in opposition, and request for reconsideration should be denied.

Guddh is under the mistaken impression that the Court did not give consideration to his discovery objections when it ruled on Plaintiffs' Second Motion to Compel and to Impose Discovery Sanctions (R. Doc. 80).  While the Court noted that he filed no formal opposition to the motion, the Court did note that Guddh submitted objections in response to Plaintiffs' discovery requests.  After considering the information sought by Plaintiffs in their written discovery requests, and Guddh's objections, the Court concluded that Guddh could not withhold the requested information, including the name of his "legal intern", and stated reasons for the decision.

Regarding the work address of Defendant Juyasis Mata ("Mata"), again the Court considered the information being sought by Plaintiffs, and Guddh's objections, ordered that Guddh provide the requested information or state that he does not know it, and explained the reason for the Court's decision - Mata's work address/location is relevant.

The Court concludes that Guddh has not presented adequate basis for a reconsideration of either of the orders issued in this matter.

IV.     **Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant Sumit Guddh's **Motion for Reconsideration of Court's Orders 91 and 92 (R. Doc. 103)** is **DENIED**.

New Orleans, Louisiana, this 25th day of May 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**