UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN UNITED STATES TRADE ASSOCIATION, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1669** |
| **SUMIT GUDDH, ET AL.** | **SECTION: "L" (4)** |

## ORDER

Before the Court is Defendant, Yunaysis Martin Mata's, ("Mata") **Defendant's Motion to Quash Subpoena Duces Tecum (R. Doc. 128)**, and Defendant, Sumit Guddh's, ("Guddh") **Defendant's Motion to Quash Subpoena Duces Tecum (R. Doc. 129)**. Plaintiffs, Southern United States Trade Association, et al., ("Plaintiffs") oppose Guddh's Motion to Quash, but do not oppose Mata's Motion to Quash.[1] The underlying motions were both noticed for submission on October 3, 2012. However, the Court granted Plaintiffs' **Plaintiffs'** *Ex Parte* **Motion for Expedited Consideration of Defendants' Motions to Quash and to Set Hearing on These Motions Before**

---

[1] Plaintiffs filed an untimely opposition to Mata's motion on September 20, 2012. (R. Doc. 134). They did not request leave to file this Motion with the Court. Plaintiffs had argued, in their motion to expedite rulings on the two motions, that Guddh and Mata were dating during the time this case was pending, but they never discussed the case, even though the Plaintiffs allege that the pleadings are virtually identical. (R. Doc. 130, p. 4; R. Doc. 130-1, p. 6). Plaintiffs argue that they sought Mata's telephone records in order to establish a pattern of communication between the two parties, and to challenge the veracity of Mata's deposition testimony. (R. Doc. 130, p. 4). In its Order, the Court found that the allegedly close connection between Mata and Guddh warranted consideration of both motions to quash at the same time, regardless whether Plaintiffs had actually opposed both motions. (R. Doc. 132). Given that the Court has "broad discretion" to consider motions notwithstanding their untimeliness, and in the interests of judicial economy, the Court finds that consideration of Mata's motion, in contrast to unopposed, aids in judicial economy.

**District Judge Fallon (R. Doc. 131)**, and set the motions for oral argument on September 26, 2012.

Also before the Court is Guddh's **Defendant's Second Motion to Quash Subpoena Duces Tecum (R. Doc. 136)**, which seeks an Order from the Court quashing a second subpoena issued by Plaintiffs against Google. In this Motion, Guddh argues that the Plaintiffs have served an "identical" subpoena on Google, and Guddh argues that it should be quashed for the same reasons. The motion is opposed. (R. Doc. 130). The motion was noticed for submission on October 10, 2012, and set for consideration on the briefs. Because the Court finds that Guddh's second motion to quash is substantively identical to his first motion to quash,[2] there is no need to analyze either separately.[3]

## I.    Background

This is a defamation lawsuit brought by Plaintiffs against Guddh and Mata. (R. Doc. 78-4, pp. 3-4).[4] In its Complaint, Plaintiffs allege that they are in the business of providing assistance to U.S. exporters of high-value food and agricultural products, and their business success depends in large part on their reputation for honesty, as well as the goodwill and confidence of the general public and its business partners. *Id.* at 2. Plaintiffs allege that since April 28, 2010, Guddh has posted at least 12 times about Plaintiffs and their employees on websites, and the information contained in those postings contained malicious and defamatory accusations and statements of wrongdoing, mismanagement, criminal behavior, and sexual misconduct. *Id.* at 3. Plaintiffs allege that Guddh's motive for making these false statements was to damage Plaintiffs' business reputation. *Id.* Plaintiffs have claimed defamation *per se* (count 1), and defamation (count 2). *Id.* at 4-5.

---

[2]Notably, after the hearing, Plaintiffs filed a supplemental motion in support of their opposition, in which they argued that the motion is moot. (R. Doc. 151).

[3]Further, citations to the motions will reference R. Doc. 129, and not R. Doc. 136.

[4]Plaintiffs duly amended their Complaint on November 15, 2010, and again on November 7, 2011.

As to Mata's motion, Mata argues that Plaintiffs directed a Supoena Duces Tecum at T-Moble, which Mata uses to communicate with "her counsel" and therefore the Subpoena invades the attorney-client privilege. (R. Doc. 128-2, p. 2). "The plaintiff needs to clearly outline what phone number it wants incoming and outgoing call information for, which Plaintiff fails to state in their subpoena." *Id.* Mata did not attach a notice of the subpoena to her motion.

As to Guddh's Motions, he argues that Plaintiffs directed a Supoena Duces Tecum at Bell South and Google, and the subpoena is overly broad as Guddh uses Google, as well as the telephone and email to communicate with his counsel on this matter. (R. Doc. 129-1, p. 2). Guddh did not attach a notice of the subpoena to his motion.

In opposition to Guddh's motion, Southeast, as well as all other Plaintiffs, argue that they subpoenad the Google and BellSouth records on August 22, 2012 and requested them to be produced on August 31, 2012. (R. Doc. 130-1, pp. 7, 15). They also argue that they seek discoverable documents, and the subpoenas is the proper vehicle to obtain them. *Id.* at 3-4. Plaintiffs argue that the records are not privileged. *Id.* at 4-5. In opposition to Mata's Motion, Plaintiffs make virtually the same arguments as they asserted in connection with Guddh's motion, because the respective motions to quash were themselves virtually identical. (R. Doc. 134, p. 1 n.1).

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately

informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* At 45(c)(1). A motion for a subpoena must be quashed or modified where, *inter alia*, the subpoena "(i) fails to allow a reasonable time to comply . . .(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Rule 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (I) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).

4

### III.     Analysis

#### A.     Whether Mata's Motion is Deemed Opposed

Plaintiffs' Motion in Opposition referred only to Guddh's motion to quash, and did not include Mata's motion to quash. Plaintiffs' time to respond to Mata's motion had not yet expired at the time they filed their motion to expedite, (R. Doc. 131), which the Court granted. (R. Doc. 132). The Court then granted Plaintiffs' request for an expedited hearing and set the two Motions to Quash for the next available hearing date, September 26, 2012. Plaintiffs have subsequently filed a motion to reschedule the hearing from September 26, 2012, citing planned participation in religious holidays. (R. Doc. 133). Plaintiffs filed their opposition to Mata's motion on September 20, 2012. (R. Doc. 134). They did not seek leave of the Court to file their opposition.

If re-setting the *hearing date* changed the *submission date* of the Motion, Plaintiffs' opposition would be untimely because pursuant to Local Rule 7.5, all motions in opposition are due 8 days prior to the noticed submission date. Although there is little guidance in this area, courts in the Eastern District of Louisiana have conflated "submission" with "hearing" for practical purposes. *See Johnson v. State of Louisiana*, 2002 WL 83645, at *1 (E.D. La. Jan. 18, 2002), *vacated on other grounds*, 330 F.3d 362 (5th Cir. 2003) (noting that "[a]ll motions were taken under submission at an earlier date."). Plaintiffs did not submit a motion requesting permission to file their Opposition to Mata's Motion. Therefore, it is untimely.

However, the District Court has "broad discretion" to consider untimely motions. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). Courts in the Eastern District of Louisiana remain able to exercise this broad discretion. *See Rixner v. Laravia*, No. 11-2090, 2012 WL 1836256, at *1-*3 (E.D. La. May 21, 2012) (considering merits of untimely motion in opposition

5

filed by *pro se* defendant); *Rubins v. Department of Agriculture*, No. 98-3525, 1999 WL 1276831, at *1 (E.D. La. 1999) (Roby, M.J.) (considering untimely opposition to motion for summary judgment on reconsideration).

In this case, Plaintiffs, in their motion to reschedule the hearing, argue that they did not submit a motion in opposition to Mata's motion because Guddh and Mata's motions were virtually identical. (R. Doc. 134, p. 1, n.1). In fact the only difference between the two Motions in Opposition, aside from the obvious changing of names and the detail of the documents requested by the respective subpoenas, was that Plaintiffs' argue that Guddh has not stated that he is in contact with an attorney, while Mata affirmatively stated in her deposition that she was currently unrepresented. *Compare* (R. Doc. 130, p. 5), *with* (R. Doc. 134, p. 5). Upon review, the motions filed by Mata and Guddh do bear a striking resemblance to one another. For example, the first two paragraphs of both motions read:

> 1. The aforesaid Subpoena has been issued in violation of the Federal Rules of Civil Procedure and violates the directive of this Court that Plaintiff refrains from issuing subpoenas to the Defendant to compel Defendant to produce the documents requested by the Plaintiff(s).
>
> 2. Defendant has been subjected to unnecessary effort and costs because of the issuance of this subpoena and therefore seeks the protection of this Court pursuant to Rule 45 (c)(1), Federal Rules of Civil Procedure.

(R. Doc. 128, p. 1; R. Doc. 129, p. 1). Other similarities in the motions abound, and both Guddh's and Mata's motions were filed on September 7, 2012. The Court concludes that based on the face of Guddh and Mata's motions, virtually the same arguments apply to both parties.[5] Therefore, in furtherance of its broad discretion to consider motions notwithstanding their untimeliness, the Court

---

[5] Moreover, Plaintiffs' opposition to Mata's motion would have been timely under the Court's original filing deadline of October 3, 2012. Although the Plaintiffs themselves requested expedited hearing on the motion, their failure to include Mata in the pleadings appears to have been a clear oversight.

deems Plaintiffs' opposition to Mata's motion to have been timely filed.

### B. Merits of Motions

As to the instant motions, Mata argues that Plaintiffs directed a Supoena Duces Tecum at T-Moble, which Mata uses to communicate with "her counsel" and therefore the Subpoena invades the attorney-client privilege. (R. Doc. 128-2, p. 2). Mata argues that she has been subjected to unnecessary costs due to the issuance of the subpoena, and therefore seeks the protection of the Court pursuant to Rule 45(c)(1). *Id.* "The plaintiff needs to clearly outline what phone number it wants incoming and outgoing call information for, which Plaintiff fails to state in their subpoena." *Id.* Mata did not attach a notice of the subpoena to her motion.

As to Guddh's Motion, Guddh argues that Plaintiffs directed a Supoena Duces Tecum at Bell South and Google, and the subpoena is overly broad as Guddh uses Google, as well as the telephone and email to communicate with his counsel on this matter. (R. Doc. 129-1, p. 2). Guddh argues that he has been subjected to unnecessary costs due to the issuance of the subpoena, and therefore seeks the protection of the Court pursuant to Rule 45(c)(1). *Id.* Guddh did not attach a notice of the subpoena to his motion.

In opposition both motions, Plaintiffs argue that they deposed Mata on August 18, 2012, and she stated that, despite being previously engaged to Guddh, she never spoke to him about this case except for a brief conversation several years ago, and she has not spoken to him since January or February 2012. (R. Doc. 130-1, p. 2; R. Doc. 134-1, p. 2). Plaintiffs further argue that on August 22, 2012, they subpoenad records for Google, BellSouth, and T-Mobile records on August 22, 2012 and requested them to be produced on August 31, 2012. *Id.* at 1, 15.[6] Plaintiffs also argue that their

---

[6] All "Id." citations following reference to both R. Doc. 130 and R. Doc.l34 reference both motions, unless otherwise specified.

7

request seeks documents related to Guddh's and Mata's account to obtain evidence of incoming or outgoing calls, which might shed light on the credibility of Mata's deposition testimony. *Id.* at 2. They also argue that they seek discoverable documents, and the subpoenas is the proper vehicle to obtain them. *Id.* at 3-4. Plaintiffs argue that the records are not privileged. *Id.* at 4-5.

### C.     **Specific Document Request - Mata**

Specifically, with respect to Mata's T-Mobile records, Plaintiffs requested:

1. All documents, records, files, and data - including records of incoming and outgoing calls, account owner information, and billing records - from January 1, 2008 to the present related to T-Mobile USA, Inc. Numbers (786 797-0861 and (786) 253-0899.

2. All documents, records, files, and data from January 1, 2008 to the present related to T-Mobile subscriber Juyasis Mata, a/k/a Yunaysis Mata, a/k/a Yunaysis Martin Mata, residing at 4350 N.W. 169 Terrace, Miami, FL 33055.

(R. Doc. 134-2, p. 8).

### D.     **Specific Document Request - Guddh**

Specifically, with respect to Guddh's Google records, Plaintiffs requested:

1. All documents, records, files, and data - including records of incoming and outgoing calls, account owner information, and billing records - from January 1, 2008 to the present related to voice-over-internet-protocol ("VOIP") number (305) 791-4290.

2. All documents, records, files, and data from January 1, 2008 to the present related to Google, Inc. VOIP subscriber Sumit Guddh, a/k/a Sumit Gaddh, a/k/a Sumit Geddh.

(R. Doc. 130-1, p. 14). With respect to Guddh's BellSouth records, Plaintiff requested:

The full and complete records as indicated below for target number(s):

   954-563-8780
   954-563-9340
   954-563-9394

8

> 1. Subscriber Information from 01/01/2008 to 08/22/2012
> 2. Service Features from 01/01/2008 to 08/22/2012
> 3. All outgoing calls from 01/01/2008 to 08/22/2012 23:59
> 4. All incoming calls from 01/01/2008 to 08/22/2012 23:59
> 5. All text/data usage from 01/01/2008 to 08/22/2012 23:59

(R. Doc. 130-1, p. 22).

At oral argument, only Guddh and Plaintiffs appeared, but Mata did not appear. The parties reiterated their arguments and the Court found that Plaintiffs' subpoenas as to Guddh were overbroad, as there was no indication that the subpoenas directed towards Guddh were tailored to Plaintiffs' claims in the instant suit. Therefore, the Court granted Guddh's motion from the bench.

The Court now finds that the subpoena Plaintiffs directed towards Mata was overly broad for the same reasons as stated at oral argument on Guddh's motion. Therefore, Mata's motion to quash should also be granted.

The Court further finds that because Plaintiffs' subsequent subpoena of Guddh's Google records is identical to that it originally propounded against Guddh,[7] and Plaintiffs themselves now argue that Guddh's second motion should be moot because it can be decided on the same basis, (R. Doc. 151), Guddh's second motion to quash (R. Doc. 136) is also granted.

**IV.  Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant, Yunaysis Martin Mata's, ("Mata") **Defendant's Motion to Quash Subpoena Duces Tecum (R. Doc. 128)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant, Sumit Guddh's, ("Guddh") **Defendant's Motion to Quash Subpoena Duces Tecum (R. Doc. 129)** is **GRANTED**.

---

[7] The sole substantive difference between the two motions appears to be in the manner of service by which the subpoenas were propounded upon Google.

**IT IS FURTHER ORDERED** that Defendant, Sumit Guddh's, ("Guddh") **Defendant's Second Motion to Quash Subpoena Duces Tecum (R. Doc. 136)** is **GRANTED**.

New Orleans, Louisiana, this 19th day of October 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**