UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN UNITED STATES**<br>**TRADE ASSOCIATION, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1669** |
| **SUMIT GUDDH, ET AL.** | **SECTION: "L" (4)** |

## ORDER

Before the Court is is Defendant, Yunaysis Mata's ("Mata") **Motion for Leave to File Second Motion to Quash Subpoena Duces Tecum (R. Doc. 155)**, seeking a motion to quash. Also before the Court is Defendant, Sumit Guddh's ("Guddh") **Motion for Leave to File Third Motion to Quash Subpoenas Duces Tecum (R. Doc. 156)**, also seeking a motion to quash. Both proposed motions are unopposed.[1] Both proposed motions are noticed for submission on Wednesday, November 7, 2012.

Mata's motion "moves that the Subpoenas Duces Tecum for production/discovery directed to T-Mobile USA, Inc. ("T-Mobile") be quashed." (R. Doc. 155-2, p. 1). In support of the Motion, however, Mata does not attach a subpoena directed at T-Mobile, but instead attaches an email directed to "The Strauss Law Firm." (R. Doc. 155-3, p. 5). The request to the Strauss law firm appears to be for "[a]ll documents and correspondence You sent to or received from Juyasis Mata, including e-mail."

---

[1]Plaintiffs, Southern United States Trade Association, et al., ("Southern United") make overtures toward furnishing an "opposition" in their now-denied *Ex Parte* **Motion for Expedited Consideration of Defendants' Motions to Quash Subpoenas Duces Tecum (R. Doc. 159)**, but ultimately all of their arguments pertain not to the substance of Guddh's and Mata's motions, but rather to whether the substance does or does not warrant expedited consideration.

Similarly, Guddh's motion states that "[p]laintiffs have, for the third time, AGAIN served Subpoena Duces Tecums on October 3, 2012, on the same third parties, Google Inc. and BellSouth Telecommunications, Inc., d/b/a AT&T Florida." (R. Doc. 156-1, p. 3). Guddh requests that these third subpoenas be quashed. *Id.* at 9. Guddh attaches as an "example" of Plaintiffs' far-reaching discovery a notice of deposition to "Thomas G. Buck, Esq." However, Guddh fails to attach any evidence of a third subpoena directed at either Google or BellSouth.

After investigation of the contents of Guddh and Mata's respective motions for leave to file, the Court must deny them both. As a matter of common sense, the Court can only rule on matters for which it is provided an adequate evidentiary foundation. Further, Local Rule 7.4 states, "[i]f the motion requires consideration of facts not in the record, the movant *must* also file and serve upon opposing counsel a copy of all evidence supporting the motion." L.R. 7.4 (emphasis added). In this case, although the motions argue that subpoena requests have been propounded on T-Mobile, Google, and BellSouth, neither motion provides the Court with any factual support for these assertions. Allowing these thoroughly unsupported motions to be placed on the Court's docket would conflict with the principles of judicial economy.

Further, it cannot be said that Guddh and Mata, who are proceeding *pro se*, are unfamiliar with the process of filing motions into Court, particularly motions to quash subpoenas. For example, in a previously filed Motion to Quash (R. Doc. 128), Mata properly attached the correct subpoena to her motion. Similarly, in a previously filed Motion to Quash (R. Doc. 129), Guddh attached the correct subpoena to his motion. In their new motions, Guddh and Mata request the same type of relief as they did before. "Everyone who appears in court in proper person . . . must be familiar with these rules. Willful failure to comply with these rules, or a false certificate of compliance, is cause for disciplinary action." L.R. 83.2.7.

Accordingly,

**IT IS ORDERED** that Defendant, Yunaysis Mata's ("Mata") **Motion for Leave to File Second Motion to Quash Subpoena Duces Tecum (R. Doc. 155)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant, Sumit Guddh's ("Guddh") **Motion for Leave to File Third Motion to Quash Subpoenas Duces Tecum (R. Doc. 156)** is **DENIED**.

New Orleans, Louisiana, this 29th day of October 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**