| | | |
|---|---|---|
| **SOUTHERN UNITED STATES TRADE ASSOCIATION** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1669** |
| | * | |
| **UNIDENTIFIED PARTIES** | * | **SECTION "L" (4)** |

**ORDER & REASONS**

Before the Court are several Motions filed by all parties to this matter. Defendant Sumit Guddh has filed a Motion for Summary Judgment (R. Doc. 192). Guddh has also moved for expedited consideration of his Motion (R. Doc. 193). Also pending are Plaintiffs' Motion for Sanctions (R. Doc. 196) and Motion for Expedited Consideration of same (R. Doc. 197). Plaintiffs have filed a Motion for Partial Summary Judgment (R. Doc. 199). The Court has previously ordered expedited consideration of Plaintiffs' Motion. (R. Doc. 201). The Court has considered the submissions and applicable law and now issues this Order and Reasons.

**I. BACKGROUND AND PRESENT MOTIONS**

This case arises out of allegedly defamatory statements posted by Defendants Sumit Guddh and Juyasis Mata on various Internet websites. In its Amended Complaint, Plaintiff Southern United States Trade Association (SUSTA) states that it is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director. Plaintiffs allege that since April 2010, Guddh has posted numerous defamatory statements about them on several websites, all with the intent to tarnish their reputation. Plaintiffs have filed suit in this Court, seeking damages and an

injunction barring Guddh from engaging in the alleged tortious conduct.

Defendants have filed separate answers denying liability.

The discovery process in this matter has been protracted and fraught with difficulty. The Court will highlight and summarize certain relevant aspects of the record below; the Magistrate Judge has created an ample and detailed record, which is incorporated herein by reference. *See, e.g.*, (R. Docs. 180, 188, 195). On January 30, 2012, the Court granted Plaintiffs' motion to compel and for sanctions for Guddh's failure to respond to certain discovery requests. (R. Doc. 91). On February 17, 2012, Guddh filed a Motion to Stay Proceedings, explaining that he would be out of the country from February 24, 2012, through April 12, 2012. The Court granted the stay and, once the requested time period had passed, issued an order lifting the stay (R. Doc. 114). On May 25, 2012, the Court granted Plaintiffs' motion to fix attorney's fees and ordered Guddh to pay Plaintiffs $2,475.00 by June 14, 2012 (R. Doc. 115). The Court thereafter denied a second attempt to stay the proceedings.

On November 7, 2012, the Magistrate Judge ordered Guddh to appear for an in-person deposition on November 15, 2012. (R. Doc. 179). Guddh failed to appear as ordered.

On Monday, November 19, 2012, in response to Guddh's request for permission to attend the pre-trial conference in this matter via telephone rather than in person as directed by the Court's scheduling Order, the Court advised Guddh that any failure to appear at the pre-trial conference would be likely to result in serious and adverse consequences, as noted in the Court's scheduling Order. (R. Doc. 124-1) ("Failure on the part of counsel to appear at the conference may result in sanctions, including, but not limited to, sua sponte dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions."). The Court, in an effort to remove any possible confusion on this point, issued yet another Order explicitly directing all

Defendants, including Guddh, to appear in person at the pre-trial conference. (R. Doc. 194).

Defendants failed to appear in person as ordered by the Court.

## II. LAW AND ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure "authorizes a district court to strike

pleadings of and enter a default judgment against a party that fails to comply with a discovery

order." *U.S. For Use of M-CO Const., Inc. V. Shipco Gen., Inc.*, 814 F.2d 1011, 1013 (5th Cir.

1987) (citations omitted). District courts have "broad discretion in determining whether

sanctions are applicable." *Oceaneering Int'l v. GRI Simulations, Inc.*, No. 05-0258, 2007 WL

1098961, at *3 (W.D. La. Apr. 11, 2007).

Given the Defendants' repeated failures to comply with the Court's orders, the Court

finds that strict sanctions are appropriate. In order to provide appropriate deterrence and in the

interests of justice, the Court will order Defendants' pleadings stricken from the record pursuant

to Rule 37(b)(2)(A)(iii). Given this sanction, Plaintiffs are entitled to partial summary judgment

in their favor, because there remains no genuine issue of material fact as to Defendants' liability

for defamation.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for Sanctions (R.

Doc. 196) be and is hereby **GRANTED IN PART AND DENIED IN PART**. **IT IS**

**FURTHER ORDERED** that Plaintiffs' Motion for expedited consideration of same (R. Doc.

197) be and is hereby **GRANTED**. **IT IS FURTHER ORDERED** that Defendants shall

receive the following sanctions: all of Defendants' pleadings are hereby **STRICKEN** from the

record; and Defendants shall pay to Plaintiffs the reasonable costs and attorneys' fees incurred in

drafting, filing, and/or responding to the Motions addressed in this Order and Reasons.

**IT IS FURTHER ORDERED** that Defendant Sumit Guddh's Motion for Summary Judgment (R. Doc. 192) be and is hereby **DENIED**. **IT IS FURTHER ORDERED** that Guddh's Motion for expedited consideration of his Motion (R. Doc. 193) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (R. Doc. 199) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the trial in this matter, currently scheduled to begin on December 3, 2012, be and is hereby **CONTINUED WITHOUT DATE**.

New Orleans, Louisiana, this 27th day of November, 2012.

_____

UNITED STATES DISTRICT JUDGE