UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN UNITED STATES TRADE ASSOCIATION, ET AL.** | **CIVIL ACTION** |
| | **NO: 10-1669** |
| **VERSUS** | |
| **SUMIT GUDDH, ET AL.** | **SECTION: "L"(4)** |

### ORDER

On November 8, 2012, the undersigned issued an Order (R. Doc. 180) granting the award of reasonable attorneys fees to the plaintiffs, Southern United States Trade Association, et al., ("Plaintiffs") in connection the their prevailing on a Motion to Compel. In compliance with the Court's Order Plaintiffs filed this **Motion to Fix Attorney's Fees (R. Doc. 203)**, in which they seek an award of $4,035.25 in attorney's fees against defendant, Sumit Guddh, ("Guddh"). This includes $2,886.75 in attorney's fees related to filing of Plaintiffs' motion to compel and for discovery sanctions, and an additional $1,148.50 in additional fees and expenses incurred in preparing for an attending Guddh's reconvened deposition. Guddh has not filed an opposition to this motion.[1]

**I.   Background**

This is a defamation lawsuit brought by Plaintiffs against Guddh and his co-defendant,

---

[1] The Court notes that Guddh has filed an opposition other motions for attorney's fees. *See* (R. Docs. 220, 226). However, the Court is obviously under no obligation to consider Guddh's arguments in opposition when those arguments were not raised with respect to the motion presently before the Court, and declines to do so here.

Juyasis Mata ("Mata"). (R. Doc. 78-4, pp. 3-4).[2] In their Complaint, Plaintiffs allege that they are in the business of providing assistance to U.S. exporters of high-value food and agricultural products, and their business success depends in large part on their reputation for honesty, as well as the goodwill and confidence of the general public and its business partners. *Id.* at 2. Plaintiffs allege that since April 28, 2010, defendant Guddh has posted at least 12 times about Plaintiffs and their employees on websites, and the information contained in those postings contained malicious and defamatory accusations and statements of wrongdoing, mismanagement, criminal behavior, and sexual misconduct. *Id.* at 3. Plaintiffs allege that Guddh's motivation for making these false statements was to damage Plaintiffs' business reputation. *Id.*

Plaintiffs note that they filed a motion for sanctions and a motion to expedite because Mr. Guddh's continuously failed to comply in good faith with any discovery request, sought to evade and antagonize the plaintiffs discovery efforts, and left the United States for several months and failed to disclose his location. Despite Plaintiffs' effort to take Guddh's deposition by Skype, he failed to appear. After repeated refusals to comply with discovery the undersigned ordered Mr. Guddh to appear in-person to be deposed in New Orleans and to pay Plaintiffs' attorneys fees. Again Guddh failed to attend the deposition in person.

As a result of Guddh's obstructive conduct, Plaintiffs seek the reasonable cost and attorney's fees related to the Court's Order regarding their Motion to Compel Guddh's deposition (R. Doc. 173).

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting

---

[2]Plaintiffs duly amended their Complaint on November 15, 2010, and again on November 7, 2011.

point" for determining the award of attorney's fees.[3]  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id*.  The lodestar is presumed to yield a reasonable fee.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[4]  The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

A.     **Reasonableness of Billing Rate**

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*

---

[3] Although in cases sitting in diversity jurisdiction, as is the case in the instant matter, state law governs the substantive questions of the award and reasonableness of attorney's fees, *see Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002), the instant motion relates to an award of sanctions, in the form of attorney's fees, pursuant to Federal Rule of Civil Procedure 37. Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the Federal standard.

[4] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

*v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Here, Plaintiffs have attached the Declaration of C. Quinton Bell. (R. Doc. 203-1, pp. 5-8). Bell is a graduate of Louisiana State University in Shreveport in 2005 and Loyola University College of Law in 2010 with a Juris Doctor. Bell states that his hourly rate is $210.00. *Id.* (citing *Johnson*, 639 F. Supp. 2d at 701-02).

Plaintiffs have also attached the Declaration of Michael A. Balascio, Esq. (R. Doc. 203-1, pp. 1-4). Balascio is a graduate of Hamilton College where he received his Bachelor of Arts, the Johns Hopkins University in 2001 where he received a Master of Arts, and the University of

Pennsylvania Law School in 2005, where he obtained his J.D. and was a member of the Pennsylvania Law Review. *Id.* He clerked for the Hon. Lance Africk of this court, and has been working as an associate at Barrasso Usdin Kupperman Freeman & Sarver, LLC in New Orleans since October 2010 where his billing rate is $225.00. *Id.* (citing *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701-02 (E.D. La. 2009).

Also attached is the Declaration of Stephen H. Kupperman, Esq. (R. Doc. 203-1, pp. 8-9). Kupperman, who does not request compensation, states that he was responsible for supervising the litigation efforts of Balascio, Bell, and Phillips in the instant case. *Id.* He states that the requested fees and expenses included with the instant motion are correct. *Id.*

This motion is not opposed. In circumstances where a rate is not contested, it is *prima facie* reasonable. *La. Power & Light*, 50 F.3d at 328; *Who Dat Yat Chat v. Who Dat?, Inc.*, No. 10-1333, 2013 WL 594264, at *2-*4 (E.D. La. Feb. 15, 2013) (finding rates reasonable where opposition was filed but rates were not contested); *Trahan v. Crown Drilling, Inc.*, No. 09-6830, 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (finding that attorney's requested rate was reasonable where no opposition to the attorney's fees motion was filed).

Because Plaintiffs have cited case law substantiating their position that Balascio and Bell's rates are within the "community standard" for attorneys with similar experience, and Guddh has failed to specifically oppose these rates or demonstrate how they otherwise fall outside of the "community standard" or should be modified in connection with the facts of this case, the Court finds that both of the billing rates for Balascio and Bell which Plaintiffs request are *prima facie*

reasonable.[5]

### B. Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (*citing Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Plaintiffs' billing sheets state that Balascio spent 16.4 hours in preparing for Guddh's deposition; that Bell spent 3.3 hours researching the motion to compel. However, Balascio's Declaration states that of these entries, only 9.75 hours were properly spent in connection with the motion to compel and for discovery sanctions; thereafter, Balascio spent 3.9 additional hours

---

[5]Indeed, Guddh plainly had notice that a failure to oppose a specific motion for attorney's fees could have led to adoption of Balascio's stated rate at an earlier stage of this litigation. *See* (R. Doc. 115). In that motion, Southern submitted a Declaration from Balascio which defended the reasonableness of his requested $225.00/hr. rate by citing to *Johnson*. *See* (R. Doc. 97-1, p. 3). Balascio's Declaration, attached to the instant motion, cites to the same case.

preparing for and attending the deposition. (R .Doc. 203-1, pp. 2-3, 10-18; 203-2, pp. 4-5).[6] Therefore, Balascio's time, as reflected on the billing statements, is reduced from 16.4 hours to 13.65 hours.

Plaintiffs also contend that they incurred $175.00 in costs in preparing for the deposition at issue in this motion, as well as in filing the motion to compel. The Court, having reviewed the billing entries, finds that these costs are reasonable.

The reasonable attorneys fee is $3,764.25, and the reasonable costs are $175.00, for a total of $3,939.25.

### C.     Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs, Southern United States Trade Association, et al.'s,

---

[6] Balascio's Declaration also states that a paralegal, Charlotte L. Phillips, spent 0.8 hours "preparing exhibits" in connection with the deposition. Balascio states that Phillips' paralegal rate is $120.00/hr. *Id.* However, no independent declarations from this individuals has been submitted and therefore her requested time is excluded.

("Plaintiffs") **Plaintiffs' Motion to Fix Attorney's Fees(R. Doc. 203)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded reasonable attorneys fees in the amount of $3,939.25 against Defendant, Sumit Guddh, ("Guddh").  Guddh shall satisfy his obligation to Plaintiffs no later than fourteen (14) days from this issuance of this Order.

New Orleans, Louisiana, this 26th day of April 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**