UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SOUTHERN UNITED STATES TRADE ASSOCIATION** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1669** |
| | * | |
| **UNIDENTIFIED PARTIES** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court are several Motions. Plaintiffs seek reasonable attorney fees pursuant to this Court's Order and associated with their work on their Motions for sanctions and partial summary judgment on liability. (R. Doc. 220). Defendant Sumit Guddh seeks review of Magistrate Judge Roby's Order awarding attorney fees related to a discovery dispute. (R. Doc. 247). The Court has considered the submissions and applicable law and now issues this Order and Reasons.

**I. BACKGROUND**

This case arises out of allegedly defamatory statements posted by Defendants Sumit Guddh and Juyasis Mata on various Internet websites. In its Amended Complaint, Plaintiff Southern United States Trade Association (SUSTA) states that it is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. (R. Doc. 11). Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director. Plaintiffs allege that since April 2010, Guddh has posted numerous defamatory statements about them on several websites, all with the intent to tarnish their reputation. Plaintiffs have filed suit in this Court, seeking damages and an injunction barring Guddh from engaging in the alleged tortious conduct.

Defendants have filed separate answers denying liability.  (R. Docs. 57, 107).

The discovery process in this matter was protracted and fraught with difficulty.  The Court will highlight and summarize certain relevant aspects of the record below; the Magistrate Judge has created an ample and detailed record, which is incorporated herein by reference.  *See, e.g.*, (R. Docs. 180, 188, 195).  On January 30, 2012, the Court granted Plaintiffs' motion to compel and for sanctions for Guddh's failure to respond to certain discovery requests. (R. Doc. 91).  On February 17, 2012, Guddh filed a Motion to Stay Proceedings, explaining that he would be out of the country from February 24, 2012, through April 12, 2012.  The Court granted the stay and, once the requested time period had passed, issued an order lifting the stay (R. Doc. 114).  On May 25, 2012, the Court granted Plaintiffs' motion to fix attorneys' fees and ordered Guddh to pay Plaintiffs $2,475.00 by June 14, 2012 (R. Doc. 115).  The Court thereafter denied a second attempt to stay the proceedings.

On November 7, 2012, the Magistrate Judge ordered Guddh to appear for an in-person deposition on November 15, 2012.  (R. Doc. 179).  Guddh failed to appear as ordered.

On Monday, November 19, 2012, in response to Guddh's request for permission to attend the pre-trial conference in this matter via telephone rather than in person as directed by the Court's scheduling Order, the Court advised Guddh that any failure to appear at the pre-trial conference would be likely to result in serious and adverse consequences, as noted in the Court's scheduling Order.  (R. Doc. 124-1) ("Failure on the part of counsel to appear at the conference may result in sanctions, including, but not limited to, sua sponte dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions.").  The Court, in an effort to remove any possible confusion on this point, issued yet another Order explicitly directing all Defendants, including Guddh, to appear in person at the pre-trial conference.  (R. Doc. 194).

Defendants failed to appear in person as ordered by the Court.

On November 30, 2012, the Court struck the Defendants' pleadings and granted partial summary judgment to Plaintiffs on the issue of liability. (R. Doc. 205).

## II. PRESENT MOTIONS

**A. Reasonable Costs and Attorney's Fees related to: (1) Plaintiffs' Motion for Sanctions (R. Doc. 196), (2) Plaintiffs' *Ex Parte* Motion for Expedited Consideration of their Motion for Sanctions (R. Doc. 197), and (3) Plaintiffs' Motion for Partial Summary Judgment (R. Doc. 199)**

Plaintiffs filed a Motion to Fix Attorney's Fees. (R. Doc. 220). Plaintiffs ask the Court to order Guddh to pay $6,582.75 in fees, a total which includes: (1) $2,092.50 in fees related to Plaintiffs' Motion for Sanctions and the accompanying Motion for Expedited Consideration of the Motion for Sanctions and (2) half of the fees related to Plaintiffs' Motion for Partial Summary Judgment, or $4,490.25.

Guddh opposes Plaintiffs' Motion. (R. Doc. 226). Guddh argues that: (1) the Court does not have jurisdiction to award attorneys' fees while Guddh's appeal is pending; (2) the hourly rates claimed by Plaintiffs are above the prevailing market rates; and (3) the hours billed by Plaintiffs are excessive.

Plaintiffs filed a reply memorandum in support of their Motion. (R. Doc. 232). Plaintiffs argue that: (1) Guddh's opposition is untimely; (2) the Court retains jurisdiction over this matter because Guddh's appeal is premature and invalid, and because Plaintiffs' Motion does not relate to the merits of the appeal; (3) the hourly rates sought by Plaintiffs are reasonable and commensurate with the rates charged by other attorneys with similar experience, skill, and reputation in the New Orleans market; and (4) the amount of time expended by Plaintiffs was

reasonable.

Guddh filed a sur-reply in response to Plaintiffs' reply memorandum. (R. Doc. 235). Guddh argues that: (1) Because Plaintiffs have not been prejudiced by the timing of Guddh's filing and Guddh has acted in good faith, Guddh's response should be considered by the Court; (2) The Court does not have jurisdiction to award attorneys' fees while Guddh's appeal is pending; (3) The hourly rates claimed by Plaintiffs are above the prevailing market rate and are not supported by rates awarded in similar cases; (4) Plaintiffs failed to adequately demonstrate the reasonableness of the hours claimed.

Magistrate Judge Roby filed a Report and Recommendation on May 5, 2013. (R. Doc. 250). Magistrate Judge Roby recommends that Plaintiffs' Motion be granted and that Plaintiffs be awarded attorneys' fees in the amount of $8,502.50 to be shared equally and personally by defendants Guddh and Mata.

Guddh filed objections to Magistrate Judge Roby's Report and Recommendation. (R. Doc. 253). Guddh argues that: (1) Stephen H. Kupperman's $375 hourly rate is excessive given the level of complexity of the work performed; (2) the hours recommended are excessive considering the length and complexity of the pleadings filed and the hours awarded in similar cases; and (3) the Court should refrain from ordering the requested relief because of Guddh's inability to pay.

Plaintiffs filed a memorandum in opposition to Guddh's objections to Magistrate Judge Roby's Report and Recommendation. (R. Doc. 257). Plaintiffs argue that: (1) Magistrate Judge Roby's decision is not clearly erroneous or contrary to law; and (2) Guddh has not shown any reason to vacate the award or provide him with additional time to pay.

### B. Reasonable Costs and Attorney's Fees related to Plaintiffs' Motion to Compel Guddh's Deposition (R. Doc. 173)

Plaintiffs filed a Motion to Fix Attorney's Fees. (R. Doc. 203). Plaintiffs ask the Court to order Guddh to pay fees in the amount of $4,035.25, which includes: (1) $2,886.75 in fees related to the filing of Plaintiffs' Motion to Compel Deposition and Discovery Sanctions; and (2) $1,148.50 in fees incurred in preparing for and attending Guddh's reconvened deposition.

Magistrate Judge Roby issued an Order on April 26, 2013. (R. Doc. 241). In it, she awarded Plaintiffs attorneys' fees in the amount of $3,939.25 to be paid by Guddh.

Guddh filed a Motion seeking review of Magistrate Judge Roby's order. (R. Doc. 247). Guddh argues that: (1) The hourly rates awarded are above the prevailing market rate for associate-level attorneys; (2) The hours awarded are excessive; and (3) Guddh's inability to pay the awarded sanctions should serve as a defense against there enforcement.

Plaintiffs filed a motion opposing Guddh's objections. (R. Doc. 255). Plaintiffs argue that: (1) Plaintiffs' motion was unopposed, making Guddh's belated arguments untimely; (2) Magistrate Judge Roby's decision is not clearly erroneous or contrary to law; and (3) Guddh has shown no reason to vacate the award or provide him with additional time to pay.

### III. LAW AND ANALYSIS

#### A. Standard of Review

Before reviewing the legal challenges raised by Guddh, it is appropriate for the Court to address briefly the applicable standard of review. Magistrate judges are empowered by statute and upon appointment by a district court to conduct hearings and to submit proposed findings of fact and recommendations. 28 U.S.C. § 636 (b)(1)(B). A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no party

specifically objects as long as those portions are not clearly erroneous. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). However, where a party makes "specific, written objections" within ten days after being served with a copy of the Magistrate Judge's recommendations, the district court must undertake de novo review of those contested aspects of the report. *Id*. The district judge may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b).

The District Court may reconsider a magistrate judge's determination of non-dispositive pre-trial matters where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). "[T]he 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 4565939, at *2 (E.D. La. Oct. 8, 2008) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### B. Applicable Law

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. Once the lodestar is determined, the burden shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

The Court can modify the lodestar using the twelve (12) factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). However, the lodestar is presumptively reasonable and should only be modified in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)).

> **1. Reasonable Costs and Attorney's Fees related to: (1) Plaintiffs' Motion for Sanctions (R. Doc. 196), (2) Plaintiffs' *Ex Parte* Motion for Expedited Consideration of their Motion for Sanctions (R. Doc. 197), and (3) Plaintiffs' Motion for Partial Summary Judgment (R.Doc. 199)**
>
> **i. Reasonableness of Billing Rate**

Because the United States Fifth Circuit Court of Appeals has already dismissed Guddh's appeal, all of Guddh's arguments opposing the Court's jurisdiction in this matter are now moot. Guddh's application for rehearing does not deprive this Court of jurisdiction. *See Gregg v. Linder*, 2004 WL 421966, at *2 (E.D. La. Mar. 8, 2004) (holding that "a district court 'retains jurisdiction to resolve motions for sanctions and attorney's fees while a judgment on the merits is pending on appeal.'") (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524 (5th Cir. 2002).

Attorney fees must be calculated "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Id.* at 895 n.11. Satisfactory evidence "should include declarations or evidence of rates actually billed and paid by plaintiff's counsel; rates charged by attorneys in similar lawsuits; and the relative skill of the attorney involved." *White v. Imperial Adjustment Corp.*,

2005 WL 1578810, at *5 (E.D. La. Jun. 28, 2005) (citing *Blum*, 465 U.S. at 895-96 n.11) (additional citations and internal quotations omitted). A "mere conclusory statement" that the fee is reasonable will not suffice. *See Hensley v. Eckerhart*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The weight to be given to opinion evidence . . . will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." *Id.*; *see also White*, 2005 WL 1578810, at *8 (recognizing that "attorneys customarily charge their highest rates only for trial work" and lower rates therefore may, "and indeed should, be charged for routine work requiring less extraordinary skill and experience").

Guddh argues that Kupperman's $375 hourly rate is excessive given the relative simplicity of the work performed and cites *Tango Transport, LLC v. Transport Intern. Pool, Inc.*, 2009 WL 3254882 (W.D. La. Oct. 8, 2009), *Filson v. Tulane University*, 2010 WL 3943543 (E.D. La. Oct. 4, 2010), *Belfor USA Group, Inc. v. Bellemeade Partners*, LLC, 2010 WL 630009 (E.D. La. Feb. 19, 2010), and *Casimire v. State Farm Fire and Cas. Ins. Co.*, 2010 WL 890253 (E.D. La. Mar. 5, 2010). In these cases, partner-level attorneys were awarded reasonable rates of $200, $250, $250, and $150 respectively.

First, *Tango* is inapplicable because it involved partner-level attorneys in the Western District of Louisiana and the rates in this case must be in line with those prevailing in the Eastern District of Louisiana. *See Blum*, 465 U.S. at 895 n.11. Second, the fact that this Court has previously determined that the reasonable rate for a partner-level attorney is, in some instances, below $375 does not make the $375 rate sought in this case presumptively unreasonable. *Filson*,

*Belfor*, and *Casimire* involved attorneys who had 25, 10, and 9 years of experience, respectively. Attorney Kupperman, by contrast, has 36 years of experience.

Plaintiffs cite two cases in which this Court has held that hourly rates higher than the $375 sought for partner-level attorneys in this case are reasonable. In *Ranger Steel Services, LP v. Orleans Materials & Equipment, Co.*, 2010 WL 3488236 (E.D. La. Aug. 27, 2010), Judge Barbier held that $395 was a reasonable hourly rate for partner-level attorneys in the Eastern District of Louisiana. In *Oreck Direct, LLC v. Dyson, Inc.*, 2009 WL 1649503, at *4 (E.D. La. Jun. 8, 2009), Judge Vance noted that "the top rate for partner-level attorneys [in the Eastern District of Louisiana] is between $400 and $450 per hour," a range much higher than the $375 rate sought by Plaintiffs in this case.

Guddh attempts to distinguish *Oreck* and *Ranger Steel* by arguing that both involved complex legal matters unlike the case at bar. However, one of the reasons Judge Barbier reduced the rates originally sought by the attorneys in *Ranger Steel* was the "relatively straightforward nature" of the case. *Ranger Steel*, 2010 WL 3488236 at *3. Although the fees awarded in *Oreck* were for the defense of an appeal to the Fifth Circuit, the $375 rate sought by Kupperman, which is $25 less than the $400 rate awarded in *Oreck*, appropriately weighs the many differences between complex appellate litigation and the work performed in this case. *See Oreck*, 2009 WL 1649503 at *2, *4.  The Court finds that the hourly rates sought by Plaintiffs are reasonable.

### ii. **Reasonableness of Hours Recommended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822-23 (5th Cir. 1997). Attorneys must exercise "billing judgment" by excluding time that is "unproductive, excessive, or redundant."

*Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 769 (5th Cir. 1996). When the party seeking attorney's fees fails to exercise billing judgment, the Court may either reduce "the award by a percentage" or perform a "line-by-line analysis of the bills presented." *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002). "Hours that are not properly billed to one's client also are not properly billed to one's adversary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Guddh argues that Plaintiffs failed to exercise billing judgment and asks this Court to reduce the hours billed. To support his argument, Guddh cites the reduction imposed by Magistrate Judge Roby in *Filson v. Tulane University*, 2010 WL 3943543 (E.D. La. Oct. 4, 2010). However, in *Filson*, the billing entries were unclear, inadequately documented, and duplicative. *Filson*, 2010 WL 3943543 at *5-*6. Plaintiffs' billing entries do not suffer from any of these deficiencies. With respect to the one billing entry in dispute, Magistrate Judge Roby did, in fact, reduced the hours billed by 1.1 hours. *See* (R. Doc. 250).

In asking the Court not to adopt Magistrate Judge Roby's recommendation, Guddh does nothing more than assert that he profoundly disagrees with it. Magistrate Judge Roby's recommendation clearly and accurately presents the reasonable hours expended by Plaintiffs in this case, and the Court adopts it. The Court will award Plaintiffs reasonable attorney fees in the amount of $8,502.50, for which defendants Guddh and Mata shall be jointly and severally liable.

### iii. **Guddh's Ability to Pay**

Guddh argues that his inability to pay the sanctions imposed in this case is a defense against their enforcement. Plaintiffs assert that Guddh has sufficient assets to satisfy the awards against him.

Although Guddh asserts that his argument is supported by both the Fifth Circuit and the

Supreme Court, the cases that he cites are inapplicable. Neither *Petroleus Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392 (5th Cir. 1987), nor *United States v. Rylander*, 460 U.S. 752 (1983), supports the proposition that a respondent's inability to pay a court order is a valid defense against its enforcement. In fact, the defense raised in *Rylander*, and cited in *Mexicanos*, was based upon the assertion that the respondent "did not possess" and "had not disposed of" records pursuant to a court's order. *Rylander*, 460 U.S. at 754. Guddh makes no such assertion and his inability to pay is not a valid defense.

### 2. Reasonable Costs and Attorney Fees related to Plaintiffs' Motion to Compel Guddh's Deposition

#### i. Reasonableness of Billing Rate

After failing to oppose the hourly rates sought by Plaintiffs and awarded by Magistrate Judge Roby, Guddh now argues that both Mr. Balascio's $225 hourly rate and Mr. Bell's $210 hourly rate are excessive. Plaintiffs argue that Guddh cannot now, after the Magistrate Judge's decision, appeal to this Court by raising arguments that were not timely raised.

"When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider" it when "fixing the hourly rate." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). If a "rate is not contested, it is *prima facie* reasonable." *Id*; *Trahan v. Crown Drilling, Inc.*, 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (finding that attorney's requested rate was reasonable where no opposition was filed).

Because Plaintiffs have cited case law substantiating their position that Balascio's and Bell's rates are consistent with the prevailing market rates for attorneys of similar skill, experience, and reputation, the Court finds that both of the billing rates for Balascio and Bell are *prima facie* reasonable. *See Johnson v. Big Lots Stores, Inc.*, 639 F. Supp.2d 696, 701-02 (E.D.

La. 2009) (finding that a "$225 per hour associate rate" is "within the customary range of rates charged" in the Eastern District of Louisiana). Guddh's failure to timely oppose these rates does not render Magistrate Judge Roby's order clearly erroneous or contrary to law.

### ii. Reasonableness of Hours Expended

Guddh asserts that the hours awarded by Magistrate Judge Roby are excessive and asks the Court to reduce Balascio's hours. However, although he refers to the *Filson* case that this Court distinguished in its discussion above, Guddh fails to explain why Balascio's hours should be reduced and furthermore fails to mention that Magistrate Judge Roby already reduced Balascio's hours from 16.4 hours to 13.65 hours. *See* (R. Doc. 241).

The fact that Guddh disagrees with Magistrate Judge Roby's conclusions does not make them incorrect. After considering all of the evidence, the Court finds that the 13.65 hours awarded to Balascio and the 3.3 hours awarded to Bell are reasonable. Plaintiffs are owed reasonable attorneys' fees of $3,764.25, and reasonable costs of $175, for a total of $3,939.25.  The Court will deny Guddh's Motion.

### C. Remaining Issues

Guddh continues to file motions that are repetitive in both substance and form.  *See* (R. Docs. 251, 252, 256, 258).  Although Guddh is free to litigate his case before the Court, the Court cannot allow any party to file pleadings that unnecessarily delay and increase the costs of these proceedings.  *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 11.  Therefore, the Court will order that Guddh must seek leave of Court before filing any additional motions.  The Court will address the remaining Motions in a separate Order and Reasons.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Guddh's Motion seeking leave to file a reply (R. Doc. 259) be and is hereby **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiffs'

Motion seeking fees (R. Doc. 220) be and is hereby **GRANTED**.  **IT IS FURTHER ORDERED** that Guddh and Mata shall immediately pay Plaintiffs reasonable attorney fees in the amount of $8,502.50, for which defendants Guddh and Mata shall be jointly and severally liable.

      **IT IS FURTHER ORDERED** that Guddh's Motion seeking leave to file a reply (R. Doc. 258) be and is hereby **GRANTED**.  **IT IS FURTHER ORDERED** that Guddh's Motion seeking review of Magistrate Judge Roby's Order (R. Doc. 247) be and is hereby **DENIED**.

      **IT IS FURTHER ORDERED** that Defendants must seek leave of Court before filing any Motion in this matter.

      **IT IS FURTHER ORDERED** that Guddh's Motion seeking sanctions under Rule 11 shall be submitted for decision by the Court on September 19, 2013.

      New Orleans, Louisiana, this 26th day of July, 2013.

                                                                       UNITED STATES DISTRICT JUDGE