UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SOUTHERN UNITED STATES TRADE ASSOCIATION | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 10-1669 |
| | * | |
| UNIDENTIFIED PARTIES | * | SECTION "L" (4) |

## ORDER & REASONS

Before the Court are several Motions. Plaintiffs seek partial summary judgment on the issue of damages. (Rec. Doc. 212). Defendant Sumit Guddh has filed numerous motions. (Rec. Docs. 240, 243, 246, 251, 252, 253, 256, 260, 264, 266). The Court has considered the submissions and applicable law and now issues this Order and Reasons.

## I. BACKGROUND

This case arises out of allegedly defamatory statements posted by Defendants Sumit Guddh and Juyasis Mata on various Internet websites. In its Amended Complaint, Plaintiff Southern United States Trade Association ("SUSTA") states that it is a Louisiana nonprofit corporation that provides assistance to U.S. businesses in exporting food and agricultural products. (Rec. Doc. 11). Plaintiff Jerry Hingle is identified as the executive director of SUSTA, and Plaintiff Bernadette Wiltz is identified as the deputy director. Plaintiffs allege that Guddh posted numerous defamatory statements on several websites with the intent to tarnish their reputations. Plaintiffs filed suit in this Court, seeking damages and an injunction barring Guddh from engaging in the alleged tortious conduct.

Defendants have filed separate Answers denying liability. (Rec. Docs. 57, 107).

The discovery process in this matter was protracted and fraught with difficulty. The

Magistrate Judge created a detailed record, which is incorporated herein by reference. *See, e.g.*, (Rec. Docs. 180, 188, 195). On January 30, 2012, the Court granted Plaintiffs' Motion to compel and for sanctions for Guddh's failure to respond to certain discovery requests. (Rec. Doc. 91). On February 17, 2012, Guddh filed a Motion to Stay Proceedings, explaining that he would be out of the country from February 24, 2012, through April 12, 2012. The Court granted the stay and, once the requested time period had passed, issued an Order lifting the stay. (Rec. Doc. 114). On May 25, 2012, the Court granted Plaintiffs' motion to fix attorneys' fees and ordered Guddh to pay Plaintiffs $2,475.00 by June 14, 2012. (Rec. Doc. 115). This amount has not been paid by Defendants. The Court thereafter denied a second attempt to stay the proceedings.

On November 7, 2012, the Magistrate Judge ordered Guddh to appear for an in-person deposition on November 15, 2012. (Rec. Doc. 179). Guddh failed to appear as ordered.

On Monday, November 19, 2012, in response to Guddh's request for permission to attend the pre-trial conference in this matter via telephone rather than in person as directed by the Court's scheduling Order, the Court advised Guddh that any failure to appear at the pre-trial conference would be likely to result in serious and adverse consequences including a default, as noted in the Court's scheduling Order. (Rec. Doc. 124-1) ("Failure on the part of counsel to appear at the conference may result in sanctions, including, but not limited to, sua sponte dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions."). The Court, in an effort to remove any possible confusion on this point, issued yet another Order explicitly directing all Defendants, including Guddh, to appear in person at the pre-trial conference. (Rec. Doc. 194). Defendants failed to appear in person as ordered by the Court.

On November 30, 2012, the Court struck the Defendants' pleadings and granted partial summary judgment to Plaintiffs on the issue of liability.  (Rec. Doc. 205).

## II. PRESENT MOTIONS

### A. Plaintiffs' Motion seeking partial summary judgment on damages (Rec. Doc. 212)

On December 18, 2012, Plaintiffs filed the present Motion seeking summary judgment on the issue of damages.  (Rec. Doc. 212).  Plaintiffs ask the Court to order Defendants to pay $158,942 in damages for costs directly incurred by SUSTA as a result of the defamatory statements.  Plaintiffs also ask the Court to award damages for harm to their reputation.  Lastly, Plaintiffs ask the Court to order that Defendants make every effort to remove the defamatory posts from the Internet and to enjoin Defendants from republishing the statements at issue.

Guddh opposes Plaintiffs' Motion.  (Rec. Doc. 239).  Guddh argues that Plaintiffs have failed to provide proof that they have been damaged by the statements.  Guddh also claims that Plaintiffs are seeking an excessive amount of damages.

### B. Defendants' Motions:  Rec. Docs. 240, 243, 246, 251, 252, 253, 256, 260, 264, 266

Defendant Guddh continues to file motions that are repetitive in both substance and form.  *See* (Rec. Docs. 240, 243, 246, 251, 252, 253, 256, 260, 264, 266).  Guddh filed a Motion for Reconsideration of Order Denying Defendant's Motion to Stay Pending Appeal.  (Rec. Doc. 240).  Guddh filed a Motion for Relief Pursuant to Rule 60(b).  (Rec. Doc. 243).  Guddh filed three Motions for Leave to file replies to Plaintiff.  (Rec. Doc. 246, 251, 252).  Guddh filed an Objection to the Magistrate's Report and Recommendations regarding attorney fees to be paid to Plaintiff.  (Rec. Doc. 253).  Guddh filed a Motion for Leave to Supplement his reply, Rec. Doc. 251.  (Rec. Doc. 256).  Guddh filed a Motion for Sanctions pursuant to Rule 11.  (Rec. Doc.

260). Guddh file a Motion for Leave to File Motion to Stay Sanctions. (Rec. Doc. 264). Lastly, Guddh filed a Motion for Leave to file a Reply to Plaintiff's Opposition to Rec. Doc. 264. (Rec. Doc. 266).

**III. ANALYSIS**

**A. Plaintiffs' Motion seeking partial summary judgment on damages (Rec. Doc. 212)**

The Court, having reviewed the evidence available in this case, including the documents and testimony submitted by Plaintiffs in connection with their separate motions for partial summary judgment on the issues of Defendants' liability for defamation and Plaintiffs' damages, does hereby enter the following order and reasons regarding the defamatory statements at issue in this matter.

1. Plaintiffs' lawsuit seeks damages and injunctive relief against Defendants Juyasis Mata (a/k/a Yunaysis Martin Mata) and Sumit Guddh (a/k/a Sumit Gaddh; a/k/a Tom Ge) for defamation and conspiracy to defame, among other claims.

2. Plaintiffs' claims relate to statements posted to public Internet websites since April 2010 consisting of malicious and defamatory accusations and statements of wrongdoing, mismanagement, criminal behavior, and sexual misconduct against Plaintiffs and other SUSTA employees (the "Statements").

3. The Statements include but are not limited to the statements and comments posted on the following public Internet websites:

    i.    http://www.ripoffreport.com/mobile-home-parks/jerry-hingle-of-sout/jerry-hingle-of-southern-unite-22de4.htm

    ii.    http://www.ripoffreport.com/questionable-activities/southern-united-

        stat/southern-united-state-trade-as-95b73.htm

  iii.    http://www.ripoffreport.com/prostitutes/susta-southern-unite/susta-southern-united-states-4886f.htm

  iv.    http://www.ripoffreport.com/mobile-home-parks/jerry-hingle-of-sust/jerry-hingle-of-susta-jerry-hi-3f22a.htm

  v.    http://www.ripoffreport.com/homeowner-associations/jerry-hingle-of-sout/jerry-hingle-of-southern-unite-d9b24.htm

  vi.    http://www.ripoffreport.com/mobile-home-parks/brooke-parry-of-sout/brooke-parry-of-southern-unite-2364e.htm

  vii.    http://www.ripoffreport.com/auto-clubs/susta-southern-unite/susta-southern-united-states-t-29f73.htm

  viii.    http://www.ripoffreport.com/state-government/bernadette-wiltz/bernadette-wiltz-bernadette-wi-ce496.htm

  ix.    http://www.ripoffreport.com/wanted-criminals/bernadette-wiltz-dee/bernadette-wiltz-deeneen-wilt-5a262.htm

  x.    http://www.ripoffreport.com/cult-organizations/susta/susta-southern-united-states-t-4bc9f.htm

  xi.    http://www.ripoffreport.com/financial-services/brook-parry-susta/brook-parry-susta-susta-drug-89ad3.htm

  xii.    http://www.ripoffreport.com/financial-services/susta/susta-brooke-parry-lier-not-f-879aa.htm

  xiii.    http://www.ripoffreport.com/directory/susta-southern-united-states-trade-association.aspx

  xiv.    http://www.ripoffreport.com/directory/Bernadette-Wiltz.aspx

  xv.    http://www.ripoffreport.com/directory/brooke-parry.aspx

  xvi.    http://www.ripoffreport.com/directory/jerry-hingle.aspx

4. The Statements are currently available for public access.

5. On November 30, 2012, the Court granted Plaintiffs' motion for partial summary judgment regarding Defendants' liability for defamation. In granting Plaintiffs' motion, the Court

concluded the following:

    a. The Statements are defamatory.

    b. The Statements are untrue.  The Statements were false at the time they were posted, and they continue to be false.  (Rec. Doc. 199-10 at 1).

    c. Defendants are responsible for posting the Statements to the Internet using anonymous names, including but not limited to User3420, Brunitsky, Travis, germx2009, The Truth, Bruno, scammed.by.susta, and mohomud.

    d. The Statements were posted to the Internet using the Internet service account owned and operated by Defendant Sumit Guddh, a/k/a Sumit Gaddh, a/k/a Tom Ge.

    e. Defendants posted the Statements with the intent to harm Plaintiffs.

    f. Plaintiffs have been injured by the Statements.  The Statements have damaged Plaintiffs and other current and former employees at SUSTA, harming their reputations and causing emotional distress, mental anguish, and monetary loss, including but not limited to expenses related to Internet search engine optimization and Plaintiffs' efforts to protect their reputation.  *See* Hingle Decl. (Rec. Doc. 212-4 at 3); Wiltz Decl. (Rec. Doc. 212-5 at 2); Hutt Decl. (Rec. Doc. 212-6 at 3).

### B. Defendants' Motions

The Court finds that Defendants' Motions, Rec. Docs. 240, 243, 253, 260, 264, are without merit.  Furthermore, the Court does not find that more briefing on these topics would be helpful.

## IV. CONCLUSION

Accordingly, considering the above findings and reasons:

**IT IS ORDERED** that Defendants shall be liable to SUSTA *in solido* for the sum of $158,942 in damages for costs directly incurred as a result of the Statements. **IT IS FURTHER ORDERED** that Defendants shall be liable *in solido* to each Plaintiff for the sum of $50,000 in damages for harm to Plaintiffs' reputation and for emotional distress.

**IT IS FURTHER ORDERED** that Defendants are hereby **ENJOINED** from republishing, in any way, any of the Statements, including by reposting the Statements to other Internet websites.

**IT IS FURTHER ORDERED** that Defendant Guddh's Motion for Reconsideration (Rec. Doc. 240) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Guddh's Motion for Relief Pursuant to Rule 60(b) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Guddh's Motions for Leave to File Replies and Sur-Replies (Rec. Docs. 246, 251, 252, 256, 266) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Guddh's Objection to the Report and Recommendations is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Guddh's Motion for Sanctions Pursuant to Rule 11 is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Guddh's Motion for Leave to File Motion to Stay Sanctions is **DENIED**.

New Orleans, Louisiana, this 30th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE